L. K. ROBERTS v. TOWN OF SOUTHERN PINES.

(Decided November 14, 1899).

*Town   Commissioners—Annual   Statement—Penalty—The
Code, Sec. 3816.*

1. Town Commisioners are required by The Code, sec. 3816, annually to publish an accurate statement of taxes, and expenditures by them, and for what purpose, under a penalty, for failure, of $100, to any person who will sue for the same.

2. Where a Board of Town Commissioners has failed to comply with the act, their failure subjects them to the penalty, from which they will not be relieved, by their successors supplying the omission.

CIVIL ACTION for the penalty of $100, heard upon appeal from the Justice's Court, before *Robinson, J.,* at January Term, 1899, of the Superior Court of MOORE County.

The plaintiff complains for the recovery of $100 penalty due under sec. 3816 of The Code, for failure of the defendants to make the required annual statement of taxes and expenditures between May, 1897, and May, 1898. The defendants denied their liability. Judgment was rendered in favor of plaintiff for $100, and defendants appealed.

*Case on Appeal, as Agreed.*

This was a, civil action tried before *Robinson, J.,* at January Term of the Superior Court of Moore County.

This cause was heard upon the pleadings and the following admitted facts, by the Court:

It was admitted that Southern Pines was duly incorporated; that the defendants were duly elected and qualified Commissioners of said town on the first Monday in May, 1897, and that their term expired on the first Monday in May, 1898; that they failed to publish an accurate statement of the taxes

levied and collected in said town between the first Monday in May, 1897, and the first Monday in May, 1898, together with a statement of the amount expended by them between said dates, on or before the first Monday in May, 1898—but their successors, elected the first Monday in May, 1898, did make such publication between the 9th and 14th of May, 1898, and that after the first of May, 1898, the plaintiff brought suit for the recovery of the penalty given by statute.

The defendants asked the Court to hold that if their successors made publication, as required by law, in a reasonable time after the first Monday in May, 1898, that the plaintiff could not recover. This his Honor refused, and rendered judgment in favor of the plaintiff, as set out in the record.

Defendants excepted, and appealed to the Supreme Court.

*Messrs. John D. Shaw & Son,* and *J. McN. Johnson,* for appellant.

*Mr. W. E. Murchison,* for appellee.

MONTGOMERY, J.   The defendants were Commissioners of the town of Southern Pines for the year beginning the first Monday of May, 1897, and ending the first Monday of May, 1898.   Under sec. 3816 of The Code the Commissioners of towns are required to publish a statement, annually, of the taxes levied and collected in the town, together with a statement of the amount expended by them, and for what purpose. The penalty of $100 is denounced against any Board of Commissioners who fail to comply with that section.   The defendants in this case did not, during the year in which they were Commissioners, make the publication of the statement of receipts and disbursements as required by the statute, but such publication was made by their successors in office elected on the first Monday of May, 1898, within a few days after

their election and qualification. The counsel of defendants requested the Court to instruct the jury that if their successors in office made the publication required by law within a reasonable time after the first Monday in May, 1898, then the plaintiff could not recover. The prayer was refused, and the exception brings up the only question for decision.

The plain meaning of the statute is that each governing board of towns and cities shall give an account of its own stewardship. The requirement is that each board shall state and publish, not necessarily in a newspaper, the amount of the tax levy which they have imposed upon the citizens, the amount that has been collected,and how it has been disbursed. It is easy to comply with the statute. The amount of the tax levy is known to them, for they make it; the amount collected ought to be known from the reports of the collecting officer and the treasurer, and their own records disclose the manner in which the public funds have been disbursed. Of course, if the collecting officer, or the treasurer, refuses or fail to make reports of collections, the Commissioners will be blameless if they are guilty of no *laches* in the effort to compel such reports, and set this out in their statement. The publication required of town Commissioners should embrace all of the matters required by the statute up to the last day of their official term. The necessity and propriety of such publications are apparent. They keep the town communities informed of the government of the town in respect to its cost, and also as to whether it has been economically or extravagantly conducted. Besides, the Commissioners of towns and cities accept, if they do not seek, their offices, and they should be anxious to make a public statement of the manner in which they discharge their trust.

We do not know what motive influenced the informer in this particular case to sue for the penalty, but the language

of the statute is plain, and upon it we are to declare its meaning.

There was no error.