S. J. SHELTON v. C. F. MOODY.

(Filed 17 December, 1907).

1. **County Commissioners — Penalty Statutes — Revisal, sec. 1388 — Statement—Motion to Dismiss—Practice.**

    A motion to dismiss an action brought for the recovery of a penalty, under Revisal, sec. 1388, against a county commissioner for failure of the board to publish, within five days after a regular December meeting, the statement as therein required, should be allowed when it is admitted that the defendant had ceased to be such commissioner before the time complained of.

2. **Same—Revisal, sec. 1388—Penalty Statutes—Interpretation.**

    The statement required to be published by Revisal, sec. 1388, "within five days after each regular December meeting," is for the incoming board, and the statute imposing the penalty, under the strict construction required, is not applicable to members of the outgoing board.

CIVIL ACTION, tried before *Moore, J.,* at July (Special) Term, 1907, of the Superior Court of HAYWOOD County.

This action was instituted by plaintiff, a citizen and resident of Haywood County, against defendant for the recovery of a penalty. It originated in a justice's court and was brought by appeal to the Superior Court. The plaintiff alleged "that the defendant above named was a member of the Board of County Commissioners for said county for the two years immediately preceding the first Monday of December, 1904; that the defendant, together with the other members of the Board of County Commissioners, failed and neglected to make and publish a statement of the county revenue, the disbursements of the same, the permanent debt of the county, showing when the same was contracted, and the interest paid or remaining unpaid thereon, together with the name of every individual whose account had been audited, showing the amount claimed and the amount allowed, for the year next preceding the first Monday of December, 1904, as required by section 752 of The Code of North Carolina."

When the cause was called for trial the defendant lodged a motion to dismiss the action, for that the plaintiff's complaint failed to set forth facts sufficient to constitute a cause of action, and upon the further ground that the defendant and others composing the Board of Commissioners of Haywood County for the two years next preceding the first Monday of December, 1904, were not required, under the law (The Code, sec. 752; Revisal, sec. 1388), to publish any statement for the year ending first Monday in December, 1904, and that such duty devolved upon the successors of the defendant and his associates, who qualified as the Board of County Commissioners on the first Monday in December, 1904, and that, therefore, the defendant is not liable for the penalty sued for, the plaintiff admitting in open court that the defendant went out of office as a member of the Board of County Commissioners on the first Monday of December, 1904, and that the other members of the old board likewise went out of office on the same day. This motion was overruled by the court, and the defendant excepted. Under the instructions of the court, there was a verdict for the plaintiff. Defendant excepted and appealed, assigning as error the court's refusal to dismiss the action for the causes set out in the motion.

*Smathers & Morgan* and *Norwood & Norwood* for plaintiff.
*H. R. Ferguson, W. B. Ferguson* and *W. T. Crawford* for defendant.

CONNOR, J., after stating the facts: The statute (Revisal, sec. 1388) provides "that the board shall cause to be posted at the courthouse, within five days after each regular December meeting and for at least four successive weeks," certain statements fully set forth in the statute. It being conceded that the term of the board of which defendant was a member expired on the first Monday of December, 1904, the question is presented, whether the failure to publish the statement required by the statute within five days after the expiration

of his term subjects the defendant to the penalty. It would seem to be too clear for discussion that, after the expiration of the term of the Board of Commissioners, the members thereof cease to constitute the corporate entity known as "The Board of Commissioners." Their corporate capacity came to an end at the expiration of their term, and the corporation known as "The Board of Commissioners" is composed of their successors. How, then, is it possible for the defendant to be liable for the penalty for failing to discharge a duty imposed upon the Board of Commissioners after he ceases to be a member of such board? Is it not manifest that the duty to publish a statement is imposed upon the board in its corporate capacity—that is, upon those persons who constitute the board during the five days after the regular December meeting? The plaintiff relies upon the case of *Roberts v. Southern Pines,* 125 N. C., 172. It will be observed that the facts in that case are different from those presented upon this record. The statute there required the Board of Town Commissioners to publish annually — fixing no time subsequent to any monthly meeting—a statement of the amount expended by them. Hence, there was no reason why, at the last meeting on the first Monday in May, they should not have made the publication, and their failure to do so could not be thereby shifted to their successors; whereas the statute under which defendant is sued prescribes that they shall have five days after the regular December meeting within which to publish the statement. The distinction between the two cases is obvious. It is suggested that the purpose of the Legislature was to require each board to make publication of its own official acts in connection with the public revenues. However that may be, we have no power to read into the statute any other meaning than that which is clearly ascertained from its language. This being a penal statute, it is elementary that it must be construed strictly, or, at least, so construed as to give effect to all of its terms, and not to extend them by implica-

tion or suggestions as to the legislative intention.    The policy
of the law is to require the publication of the receipts and dis-
bursements of the public revenues.    This is secured by im-
posing the duty upon the incoming board, to whom the record
made by their predecessors is turned over, as effectually as
upon the outgoing board, who have no further control of the
records, or duties in connection therewith.    It may be sug-
gested that the policy of the law would be best met by requir-
ing a new board to make the publication, as its members could
have no possible motive for suppressing any facts or making
other than a truthful statement.    However this may be, the
language of the act is perfectly plain, that the board shall
make its statement "within five days after each regular De-
cember meeting."    This can only be done by the board which
shall be in existence during the time within which the state-
ment is to be published.

We are of the opinion that the defendant was entitled to
have his motion allowed, and in refusing to do so there was
    Error.