JOHN A. TATHAM, ADMINISTRATOR OF CHARLES P. TATHAM, v. ANDREWS MANUFACTURING COMPANY AND SOUTHERN RAILWAY COMPANY.

(Filed 24 December, 1920.)

1. **Negligence—Railroads—Wrongful Death — Evidence — Questions for Jury—Trials.**

   In an action to recover for the wrongful death of the plaintiff's intestate, an employee of a lumber manufacturing company, against his employer, and also against a railroad company, there was evidence tending to show that the plaintiff, with others, was engaged in "pinching" a carload of lumber along the railroad track to a point where lumber was piled so near the track as likely to be torn down by contact with a passing train, and that without signal or warning, and under circumstances that should have made the employees on the defendant's railroad train aware of the intestate's danger, they backed upon the car upon which the plaintiff's intestate was at work, to carry it away, in such manner as to cause the pinch bar being used by the plaintiff to be driven against his throat, causing injury and death: *Held,* sufficient upon the issue of defendant railroad's actionable negligence to take the case to the jury.

2. **Same—Employer and Employee—Master and Servant—Joint Torts— Nonsuit.**

   In an action for the wrongful death caused by the alleged negligence of the intestate's employer and a railroad company, there was evidence tending to show that the foreman or boss of the employer had full opportunity

to be aware of the danger of the codefendant's train as it approached to connect with and take away a car of lumber, on which the intestate was engaged, in "pinching" or moving it upon the track to place it in position for the purpose, and, when the intestate heard the train approaching he started to desist, but was told by his foreman in charge of this work to keep at work, for the car "won't come on you," and in consequence the injury and resulting death was cause: *Held,* sufficient upon the issue of actionable negligence of the defendant employer; and there also being such evidence as to its codefendant, the railroad company, it was sufficient to be submitted to the jury upon the question of their joint tort, and a motion as of nonsuit was properly denied.

**3. Evidence—Statutes—Dying Declarations.**

Ch. 29, Laws of 1919, allowing as evidence dying declarations in actions brought to recover damages for the wrongful or negligent acts of another, Rev., 59, is a constitutional and valid change of the rules of evidence, and permits in evidence such declarations of the act of killing and circumstances immediately attendant on the act, which constitutes a part of the *res gestae,* and uttered when the declarant was in actual danger of death, and full apprehension thereof, and when the death accordingly ensued.

**4. Instructions—Evidence—Appeal and Error—Objections and Exceptions.**

An instruction which gives to the jury a clear and comprehensive charge on the law applicable to the evidence in the case, stating the position of the respective parties as to every feature thereof, is not erroneous as failing to explain and declare the law arising from the evidence, as required by Rev., 535, and an objection that a fuller statement of the evidence was required cannot be considered on appeal when exception thereto has not been brought to the attention of the trial court at the time of the alleged omission.

CIVIL ACTION, tried before *Bryson, J.,* and a jury, at April Term, 1920, of CHEROKEE.

The action is to recover damages for the alleged wrongful killing of the intestate, an employee of the manufacturing company and by the concurring negligence of the two defendants, the manufacturing company and the railroad company, while he was engaged as such employee of the manufacturing company on their yards at Andrews, N. C., in August, 1917. On issues submitted there was a verdict for plaintiff against both the defendants assessing the damages. Judgment on the verdict, and defendants excepted and appealed, assigning for error the refusal to nonsuit on defendants' motion, and other specified objections.

*Felix E. Alley, J. N. Moody, and Thurman Leatherwood for plaintiff.*
*Martin, Rollins & Wright for defendant Southern Railway Company.*
*Merrimon, Adams & Johnston for defendants.*

HOKE, J.  Considering only the testimony that makes in favor of plaintiff's claim, the accepted position on a motion to nonsuit, there are

facts in evidence tending to show that on or about 15 August, 1917, plaintiff's intestate, as an employee of the manufacturing company, with others, was engaged in pinching a car loaded with lumber along the railroad track in the yards of the manufacturing company with a view of setting the car past a stack of lumber which was piled or packed so near the track that it touched on the loaded car, and making it likely that if this latter was pulled past by the engine it would tear down the pile of lumber. That while so engaged, the intestate, using a pinch bar for his work, the engine of defendant railroad company with two other cars ahead came down the track for the purpose of connecting with the loaded car and taking it out of the yard. That the agents or employees of the railroad company in the operation and control of the engine knew or had every opportunity to know in the exercise of ordinary care that the intestate and others were then engaged in trying to move the loaded car along the track, having stopped the engine for a few moments, and without signal or warning of any kind ran the cars and engine against the loaded car, pushing it backwards two or three feet, causing it to strike the pinch bar with which intestate was then working, and drive same against the throat of intestate, inflicting fatal injuries from which he died the following day. As against the manufacturing company, it further appeared that the foreman or boss of the hands engaged and who stood towards them in the position of vice principal was present directing the work. That he was standing by with full opportunity to warn the approaching engine's crew and failed to do so, or to do so with adequate or proper emphasis; and further, there was direct testimony to the effect that when the intestate heard the railroad engine approaching, he started to desist, saying that the train was coming, and was told by the foreman "to work on, that the car won't come on you."

From this and other pertinent facts there was ample evidence to sustain the verdict finding that the death of the intestate was caused by the negligence of both defendants concurring at the time of the injury, and we must hold that defendants' motion for nonsuit was properly overruled. *Snipes v. Mfg. Co.,* 152 N. C., 41; *Davis v. Shipbuilding Co.,* at present term, citing *Thompson v. Oil Co.,* 177 N. C., 279; *Howard v. Oil Co.,* 174 N. C., 651; *Ridge v. R. R.,* 167 N. C., 510.

True that the foreman of the manufacturing company testifies that he did tell the railroad conductor, when his engine was stopped near the car, "that he would have to give them a little more time, as they were going through as fast as they could," but of it he conceded that this was an adequate effort to comply with his assurance to intestate "that the car won't come on you," in so far as the evidence tends to exculpate the manufacturing company, it is not properly considered on defendants' motion to nonsuit, and furthermore, under the charge of his Honor as

to this feature of the evidence, the jury in their verdict have rejected the evidence, and necessarily found that no warning was given to the railroad employees by the foreman.

"On the trial, and under a recent act of the Legislature, the dying declaration of the intestate as to the cause of death and the immediate circumstances attendant on the killing were received in evidence. · This statute, Laws 1919, ch. 29, provides that in actions under sec. 59 of the Revisal (for death caused by wrongful act, neglect, etc., of another), the dying declaration of the deceased as to the cause of death shall be admissible in evidence in like manner and under the same rules as the dying declarations of the deceased in criminal action for homicide are now received in evidence." These declarations in criminal prosecutions for homicide extended to the "act of killing and the circumstances immediately attendant on the act and constituting a part of the res gestae." S. v. Laughter, 159 N. C., 488; S. v. Watkins, 159 N. C., 480; S. v. Jefferson, 125 N. C., 712; S. v. Shelton, 47 N. C., 360; Lockhart on Evidence, p. 145; and by correct and necessary interpretation such declarations are now admissible "in like manner" in the civil cases specified. The statute is well within the constitutional power of the Legislature to change the rules of evidence, assuredly, so as to the trial of civil causes. S. v. Barrett, 138 N. C., 630; Wilkerson v. Buchanan, 83 N. C., 297; Cooly on Constitutional Limitations (7 ed.), p. 409; Black on Constitutional Law, p. 604, the requisite conditions for the reception of such declarations are fully met; that is, they were declarations as to the cause of the killing, including the circumstances immediately attendant on the act, the declarant was at the time in actual danger of death, the statements were made in full apprehension by him of such danger, and the death ensued. And on the record no valid reason can be urged against the admissibility of the evidence.

It is contended for defendant that such declaration should not be allowed to avail the plaintiffs unless they carry conviction beyond a reasonable doubt, but this cannot for a moment be entertained. Both the common-law principle and the statute where the same applies provide only for the admission of the declarations as evidence, and the weight to be allowed them is for the jury, as in other cases. Lockhart on Evidence, sec. 145. It is further insisted that the court failed to state the evidence in the cause and declare and explain the law arising thereon as required by the statute, Rev., 535, but in our opinion the exception is without merit. His Honor gave to the jury a clear and comprehensive charge on the law applicable, stating the position of the respective parties as to every feature of the case. In doing this he necessarily gave the substance of much of the evidence relevant to the different issues. The testimony chiefly pertinent is so direct in kind,

and restricted in amount, that the jury could not have been misled or confused ·in their deliberations, and on authority, if defendants thought a fuller statement of the evidence was required, they should have then brought the omission to court's attention, and not having done so, the objection is held to have been waived. *Davis v. Keen,* 142 N. C., 496..

On careful consideration we find no reversible error, and the judgment for plaintiff is affirmed.

No error.