STATE v. FURMAN HOWARD.

*Murder—Death Caused by Third Person—Evidence.*

In a trial of F. for murder the Court gave an instruction as follows: "If
  you believe, from the evidence, that B. and the prisoner were
  standing in the store, by the fire, as detailed by the witnesses, and
  as soon as the difficulty between H. and the deceased commenced
  they both rushed upon the deceased, either of them having a
  deadly weapon in his hand,  *  *  *  and inflicted the wound
  upon him from which he died, the prisoner is guilty of murder,
  whether the deadly weapon was in his hands or those of B.: *Held*,
  that such instruction was erroneous in that it imputed the feloni-
  ous act of one participant to the other without an inquiry or find-
  ing as to whether B. and the prisoner entered into the fight by
  preconcert or whether the prisoner had previous knowledge of the
  possession and consented to the use of the weapon by the other.

INDICTMENT for murder, tried before *Bryan, J.,* and a
jury, at January Term, 1893, of DURHAM Superior Court.

The defendant, who, with two others, was charged with
the murder of Josh Cannaday, obtained a severance and was
tried alone and convicted, and appealed.    There were many
special instructions asked for by the defendant, and many
exceptions to the refusal of some and to the charge of the
Judge.    It was deemed necessary to consider only one

exception made to an instruction to the jury, which, together with the salient points of the testimony upon which it bears, is set out in the opinion of Chief Justice SHEPHERD.

*The Attorney General,* for the State.
*Messrs. Boone & Parker,* for defendant (appellant).

SHEPHERD, C. J.: The prisoner, together with Dock Howard and Henderson Burnett, was indicted for the murder of one Josh Cannaday, but, upon motion, a severance was ordered, and he alone was put upon trial. Several exceptions were taken to the rulings of his Honor, but only one need be considered by the Court in order to dispose of the appeal.

It appears from the testimony that the deceased and Dock Howard were engaged in a fight, apparently without deadly weapons, and that the prisoner (a brother of Dock Howard) and Henderson Burnett participated in the same for the purpose of assisting the said Howard. His Honor very properly assumed that there was no evidence that these parties acted by preconcert, and it was left in doubt as to which of the defendants used a deadly weapon and struck the fatal blow. While the testimony tended to show that the prisoner as well as Henderson Burnett inflicted wounds with a razor or other sharp instrument upon the deceased, it also presented an important phase insisted upon by the prisoner, that he not only did not enter the fight by preconcert, but that he used no weapons himself and saw none in the hands of Henderson Burnett or indeed of any one else.

This view of the evidence presents the following proposition: two men are engaged in an affray without deadly weapons or any other circumstances to indicate that their mutual assaults are of a felonious character. A (a brother

of one of the combatants) and B are by-standers, and without preconcert or any connection with the original quarrel, each acting independently of the other, suddenly take part in the fight against one of the parties.   B has a deadly weapon, which is unknown to A, and without his consent or knowledge inflicts the fatal wound.   Is A guilty of murder?

In *State* v. *Simmons*, 6 Jones, 21, it is laid down as a well-established principle "that where two agree to do an unlawful act, each is responsible for the act of the other, provided it be done in pursuance of the original understanding or in furtherance of the common purpose."  So in *State* v. *Gooch*, 94 N. C., 983, the Court said that if the prisoners "went to the store of Cheatham, with the purpose, under the pretense of fighting, to stab Cheatham, and either the one or the other stabbed and killed the deceased, it was murder in the assailants;   *   *   *   or if the jury believed that Gooch had prepared himself with a knife, with the intention of using it in case he or Smith got into a fight with the deceased, and went to Cheatham's store with the intention of having a conflict with him, and did kill him with the knife, and Smith, having a knowledge of the purpose, went with him and was present assisting in the conflict, the jury were well warranted in finding them both guilty of murder."   It will be observed that in these cases each of the prisoners had a deadly weapon and acted in pursuance of a previous understanding.   They cannot, therefore, be considered as authority for sustaining a conviction of murder upon the facts embodied in the foregoing proposition.   All of the authorities (and they are too numerous to be cited) agree that in such a case, in order to impute the felonious act of one participant to the other, they must have entered into the fight by preconcert; otherwise there is no malice in the act of the other, and without malice there can be no murder.

His Honor, in the seventh instruction, charged the jury as follows:

"If you believe from the evidence that Henderson Burnett and the prisoner, Furman Howard, were standing in the store, by the fire, as detailed by the witnesses, and as soon as the difficulty between Dock Howard and the deceased (Josh Cannaday) commenced they both rushed upon Josh, either of them having a deadly weapon in his hand (and the Court charges you that a razor or knife, such as described, is a deadly weapon), and pressed him back upon the molasses barrel and then down the store fifteen feet and inflicted the wound upon him from which he died, the prisoner is guilty of murder, whether the deadly weapon was in his hand or that of Burnett."

The instruction ignores the phase of the testimony to which we have adverted, and without qualification is in itself erroneous. New Trial.