# THE STATE v. ED. PORTER, Appellant.

### Division Two, December 23, 1918.

1. **INSTRUCTION: For Murder in First Degree: No Evidence.** Although there is no evidence to sustain an instruction for murder in the first degree, a verdict for a less offense renders the giving of it non-prejudicial.

2. **CRIMINAL LAW: Harmless Error.** A like rule as to the presence of prejudicial error to authorize a reversal is applicable in criminal as in civil cases, despite the requirement of the statute (Sec. 5312, R. S. 1909), that judgment shall be rendered on the record in criminal cases.

3. **AIDER AND ABETTOR: Common Purpose: Like Criminal Intent.** To render one an aider and abettor and, as a consequence, guilty in like degree with the principal, there must be evidence of his knowledge of the intention or purpose of the principal to commit the crime. There must be a common purpose, by which is meant a like criminal intent, in the minds of the principal and the abettor, in order to render the latter guilty. [Distinguishing State v. Darling, 216 Mo. 450.]

4. **EVIDENCE: Clothing of Deceased.** Demonstrative evidence, such as the clothing of deceased worn at the time of the homicide, is admissible, if it tends to connect the accused with the crime, or prove the identity of the deceased, or show the nature of the wound, or throw any relevant light upon any material matter at issue; and within these limits, its admission is largely left to the discretion of the trial court. When, however, the proof of the *corpus delicti* is admitted, and there is no question as to the identity of the deceased, or the fatal character of the wound, it is an abuse of the court's discretion to admit in evidence bloody garments of the deceased worn when killed, as tending to show the nature and character of the wound.

5. **APPEAL: Transcript.** The incorporation in the transcript of sixty or more pages embodying an account of the impaneling of the jury and the opening statement of the prosecuting attorney, to which no complaint was made, can serve no useful purpose on appeal, adds unnecessarily to the costs, and is to be reprobated.

Appeal from Cooper Circuit Court.—*Hon. Hopkins B. Shain,* Judge.

REVERSED AND REMANDED.

*John Cosgrove* for appellant.

(1) There was nothing in the evidence that would have justified a conviction of murder in the first degree. ° It was therefore error to submit to the jury the question of murder in the first degree, although the appellant was convicted of murder in the second degree. State v. Minor, 193 Mo. 609. (2) This court reversed the judgment rendered against the appellant on a former trial for the reason, in part, that the instruction 3 brought the question of conspiracy into the case. State v. Porter, 199 S. W. 160. Instructions nine and ten given in this case used exactly the same language, excepting the word "conspiracy." There was no evidence tending even to show that there was any understanding or agreement or concerted actions between the appellant and Mills; there was no evidence that there was any deliberation or premeditation on the part of the appellant or that he had any knowledge or even suspicioned that Mills entertained or that he harbored any resentment towards the deceased. The conflict arose on the spur of the moment. Said instructions are erroneous for the reason that there is no evidence that the defendant, Ed Porter, knew or had any intimation that Walter Mills intended to assault Carpenter, and that appellant entertained the same sentiment or intention. (3) The court committed error in permitting the prosecuting attorney to display the bloody garments alleged to have been worn by Carpenter the night he was cut. There was no issue in the case that rendered such evidence competent or necessary. The death of Carpenter was not denied; the only question was, who dealt the fatal blow? The exhibition of these bloody garments in the presence of the jury when taken into connection with the remarks of the prosecuting attorney in appealing to public sentiment constitute reversible error. State v. Gartrell, 171 Mo. 517; State v. McAfee, 148 Mo. 379.

*Frank W. McAllister*, Attorney-General, and *Thomas J. Cole*, of counsel, for respondent.

(1) When one is convicted of a lower degree of offense, the fact that an instruction was given as to a higher degree of the offense does not constitute reversible error. State v. Morehead, 271 Mo. 88; State v. Goodwin, 271 Mo. 83; State v. Wilson, 250 Mo. 329. (2) The evidence is sufficient to sustain the verdict. State v. Concelia, 250 Mo. 425; State v. Underwood, 263 Mo. 685. (3) It was entirely proper to introduce the clothing worn by Carpenter for the purpose of showing the extent and location of the wound received. State v. Long, 209 Mo. 382; State v. Buchler, 103 Mo. 208; State v. Miles, 199 Mo. 546; State v. Wieners, 66 Mo. 29; State v. Wilson, 223 Mo. 189; State v. Brannan, 206 Mo. 642; Underhill on Criminal Evidence (2 Ed.), sec. 48.

WALKER, P. J.—Appellant and Walter Mills were charged by information in the circuit court of Cooper County with murder in the first degree, in the stabbing and killing of one Philip Carpenter, on the 12th day of May, 1917. After a severance, appellant was, at the January term, 1918, of said court, convicted of murder in the second degree, and his punishment assessed at twenty-five years' imprisonment in the penitentiary. From this judgment he appeals.

This is the second appeal in this case. Upon the former trial in which the appellant was also tried severally, he was convicted of murder in the second degree, and upon an appeal the case was reversed and remanded (State v. Porter, 199 S. W. 158). There is no material difference in the evidence preserved for our review in the two cases. We have incorporated the material facts in this case in the opinion where deemed necessary to an intelligent discussion of the matters at issue; for a fuller statement, reference may be made to the former opinion. The errors complained of will

be reviewed in the order in which they have been presented by counsel for appellant.

I.   The giving of an instruction for murder in the first degree is assigned as error.   Conceding, as we must in the face of the facts, that there was no evidence to sustain this instruction and that the giving of same was error, it is robbed of its prejudicial effect by the verdict which found the appellant guilty of a less offense.

Instruction for First-Degree Murder.

We have uniformly held, except in the case of State v. Minor, 193 Mo. l. c. 609, in which the ruling in this regard was erroneous, that the giving of an instruction for a higher degree of an offense, although unauthorized, is harmless where one is convicted of a lower degree. [State v. Morehead, 271 Mo. l. c. 84; State v. Goodwin, 271 Mo. l. c. 83; State v. Fleetwood, 190 S. W. 1; State v. Hutchinson, 186 S. W. 1000; State v. Darling, 199 Mo. l. c. 202.]   While we are required to render judgment on the record in criminal cases (Sec. 5312, R. S. 1909), there is no more authority for the reversal of a criminal than a civil case where it is disclosed that the error complained of does not affect the merits of the action, or in other words, is not prejudicial (Section 2082, R. S. 1909).   This contention of the appellant is, therefore, overruled.

II.   It is contended with insistence by the learned counsel for appellant that error was committed in the giving of instructions numbered 9 and 10, at the request of the State.   These instructions are as follows:

"9. The court instructs the jury that every person who is present at the commission of a felony, aiding, abetting, assisting or encouraging the same by words, gestures, looks or signs, is in law, deemed to be and aider and abetter, and is liable as principal. But on the other hand, mere presence at the commission of a felony or other wrongful act does not render a person liable as a participator therein; if he is only a spectator, innocent of any unlawful intent, and

Aider and Abetter.

does not aid, abet, assist or encourage those who are actors, he is not liable as principal or otherwise. Therefore, although it is charged in the information in this case that Walter Mills and Ed. Porter, at the time and place as charged in the information, feloniously, wilfully, deliberately, premeditatedly, on purpose and of their malice aforethought cut and stabbed Philip Carpenter, giving to the said Philip Carpenter, a mortal wound in and upon the back of the neck, from which he died at the time and place mentioned in the information, yet it is not necessary for the State, in order to establish the guilt of defendant, Ed. Porter, to prove that Ed. Porter actually assaulted and cut and stabbed Philip Carpenter with a knife, as charged in the information, but if the jury find and believe that one Walter Mills gave the fatal blow with a knife, which caused Philip Carpenter's death, as charged in the information, and that said Walter Mills is guilty of murder as explained in other of these instructions, and the jury further find that Ed. Porter knowing the unlawful intent of said Walter Mills, or having the same common purpose to kill Philip Carpenter in his mind, was present, aiding, abetting, helping, advising, comforting, maintaining, or assisting the said Walter Mills in such killing in any way or by any means, then such defendant is guilty of murder equally with said Walter Mills, who the jury may find and believed actually assaulted and stabbed Philip Carpenter, thus giving him the fatal blow, which caused his death, as aforesaid, and the jury should so find.

"10. The jury are instructed that in order to convict defendant, Ed. Porter, it is not necessary that the jury should believe that he actually assaulted and stabbed Philip Carpenter with a knife as charged in the information or that he even took hold of him or even touched his person, but if the jury believe from the evidence that one Walter Mills assaulted and stabbed Philip Carpenter with a knife, inflicting the mortal wound from which said Philip Carpenter died, as charged in the information, and you further believe

that defendant, Ed. Porter, was present, and knowing the unlawful intent or with the same common purpose in view was aiding, abetting, helping, comforting, encouraging, or for the purpose and with the intent to aid and assist if necessary, the said Walter Mills in such killing, if it became necessary so to do, then the defendant, Ed. Porter, so doing or so present, is guilty of murder in the first degree equally with said Walter Mills, provided that said Walter Mills assaulted and stabbed Philip Carpenter with said knife and inflicted said mortal wound, from which said Philip Carpenter died, as charged in the information, willfully, deliberately, premeditatedly, on purpose and of his malice aforethought, as defined and explained in other of these instructions.

" And you are further instructed that if you find and believe from the evidence that at the time and place mentioned in the information one Walter Mills, willfully, premeditatedly, on purpose and of his malice aforethought, as explained in other of these instructions, but without deliberation, stabbed Philip Carpenter with a knife, thus and thereby inflicting upon the said Philip Carpenter a mortal wound of which said mortal wound the said Philip Carpenter at the time and place mentioned in the information died, and you further find that defendant, Ed. Porter, was present, and knowing the unlawful intent or with the same common purpose in view was aiding, abetting, helping, comforting, encouraging, in any way or by any means, the said Walter Mills in such killing, then defendant, Ed. Porter, is guilty of murder in the second degree equally with said Walter Mills, and the jury should so find, and assess his punishment for such second degree murder at imprisonment in the penitentiary for any length of time not, however, less than ten years.''

These instructions are drawn upon the hypothecated fact of the criminal responsibility of the appellant, in having aided, abetted, assisted or encouraged Walter Mills in the assault with a deadly weapon which resulted in the homicide. Whatever may be said as to their

correctness, under a proper state of facts, it remains to be determined whether there is any evidence to sustain them. The relevant facts, gleaned from the testimony of Walter Mills, the woman, and appellant, the only eye witnesses, are as follows:

Appellant and Walter Mills, negroes, at some time between ten and eleven o'clock on the night of the homicide, were at the house of one Ash Burnham, near the intersection of two alleys in Boonville, when appellant heard some one calling him. In response to the call, he and Mills went down to the intersection of the alleys where they saw a negro woman and two white men. The woman asked appellant to stand there until she could reach her home near at hand. He offered to accompany her, but she said this was not necessary, and again requested him to stand there. At this juncture one of the white men, who afterwards proved to be Philip Carpenter, the deceased, stepped between appellant and the woman and asked the latter "if there was anything doing." Appellant thereupon struck Carpenter with his fist. They boxed a few minutes when the deceased struck at Walter Mills, and the latter, with a knife in his hand, struck back. As the deceased fell, appellant bent over him, and Mills caught appellant by the arm and led him away. The woman did not see the appellant strike at any one, nor is there any evidence that he had any weapon. From all of the testimony, it is evident that Mills alone was armed and that he struck the fatal blow. His own testimony is to that effect. No fact or circumstance indicates any purpose on the part of appellant and Mills in leaving Burnham's house, other than to respond to the woman's call. The purpose of her call was only learned by them when they found her in the presence of the two white men. There is a like dearth of evidence to sustain the conclusion that appellant knew that Mills was armed or that he would participate in the difficulty in which the appellant became engaged after their arrival on the scene. These conclusions are, in our opinion, justified by the facts we have detailed. If so, an instruction for murder in

either degree was not authorized. The only theory upon which the propriety of such instructions can be upheld is that the appellant was either aiding, assisting, abetting or encouraging the principal, Mills, in the commission of the assault which resulted in Carpenter's death. To render one an aider or abettor and, as a consequence, guilty in like degree with the principal in the commission of a crime, there should be evidence of his knowledge of the intention or purpose of the principal to commit the assault. In other words, there must have been a common purpose, by which is meant a like criminal intent in the minds of Mills and the appellant, to render the latter guilty as charged, and hence, authorize the giving of the instructions. [State v. Hickam, 95 Mo. l. c. 332.] The rule as thus announced in the Hickam case, has received express approval by this Court in State v. May, 142 Mo. l. c. 152, in which we held that where two persons conspire to fight another with their fists, and one of them resorts to the use of a deadly weapon, without the other's knowledge and consent, the other could not be held responsible. There is nothing in the case of State v. Darling, 216 Mo. 450, 115 S. W. 1002, 129 Am. St. 526, 23 L. R. A. (N. S.) 272, which militates against the rule, founded, as it is, upon reason and in full accord with the well established doctrine, that intent is always a prerequisite to the existence of crime. In the Darling case, a number of men conspired, of which there was ample evidence, to invade a man's home. They went there armed with deadly weapons for the brutal purpose of beating him. In furtherance of this common purpose, all of these conspirators being present or near at hand, one of them struck the man on the head with a piece of iron and inflicted a wound from which death resulted. It was held that each might be found guilty of murder, although none except the one who inflicted the fatal blow, may, in going, have entertained a purpose to commit the crime. These facts, it will be seen, disclose first a conspiracy, and second, an arming with deadly weapons which, despite the averred purpose of merely in-

flicting corporal punishment on the person to be assaulted, indicated stronger than words that the commission of a felony was within the purview of their concert of action. Their contemplated act was not only what the earlier cases designate as *malum in se,* but their manner in preparing to execute it indicated that it was regarded by them as a dangerous undertaking. Not only was it felonious, therefore, but its homicidal character was not unreasonably beyond their contemplation. The correctness of the conclusions, therefore, as to the like liability of these conspirators, under the facts, is not open to controversy. Judge GANTT has, in the Darling case, exhaustively reviewed all the cases on this subject, then reported, deducing therefrom the well established doctrine as applicable to the facts under consideration, that every one connected with the carrying out of a common design to commit a criminal act, is concluded by the act of any member of the combination perpetrated in the furtherance of such common design. This is true, regardless of the time or manner in which the concert of action began; but begin when it may, some fact or circumstance must appear in evidence sufficient to satisfy a reasonable mind of its existence, before others than those actually participating in the commission of the crime can be held criminally responsible therefor. A summary of the facts in the instant case as we have stated them in detail, shows that appellant, angered by the remark made to the woman by Carpenter, struck the latter with his fist. They exchanged several blows. Carpenter then struck or struck at Mills, who had thus far not participated in the difficulty, and the latter, as he states, struck back with a knife in his hand. Carpenter fell, and his death was the result of a stab in the neck which severed his jugular vein. Neither before, during or after the difficulty is there in evidence any fact or circumstance indicative of a common purpose on the part of appellant and Mills to commit the crime with which the former is charged. The giving of the instructions, therefore, was prejudicial error. Aside from our own rulings, of which

those cited are but types of others, the following cases from courts of last resort elsewhere announce a like doctrine: Reg. v. Caton, 12 Cox (C. C.), 624; Woolweaver v. State, 50 Ohio St. 277, 40 Am. St. 667; White v. People, 139 Ill. 143, 32 Am. St. 196; State v. Hildreth, 9 Ired. (N. C.) 440, 51 Am. Dec. 369; Connaughty v. State, 1 Wis. 159, 60 Am. Dec. 370; Floyd v. State, 29 Tex. App. 349; Bibby v. State, 65 S. W. (Tex. Cr. App.) 193; State v. Howard, 112 N. C. 859; Cecil v. State, 44 Tex. Cr. Rep. 450, 72 S. W. 197; McLeroy v. State, 120 Ala. l. c. 285; Lusk v. State, 64 Miss. l. c. 850; 16 C. J. pp. 128, 129 sec. 115 and notes.

The refusal of certain instructions complained of were fully covered by those given.

III. The admission in evidence of the clothing of the deceased, worn at the time of the homicide, is assigned as error. Demonstrative evidence of this character is admissible if it tends to connect the accused with the crime, or to prove the identity of the deceased, or show the nature of the wound, or throw any relevant light upon a material matter at issue. [State v. Long, 209 Mo. l. c. 382; State v. Miles, 199 Mo. l. c. 546; State v. Thornhill, 177 Mo. l. c. 696; Cole v. State, 45 Tex. Cr. R. 225, 75 S. W. 527; People v. Wright, 89 Mich. l. c. 83.] Necessarily, the admission of this character of testimony must, within the limits stated, be left largely to the discretion of the trial court. [Flege v. State, 93 Neb. 610, 47 L. R. A. (N. S.) 1112]; and only when it appears that this discretion has been abused will we interfere therewith. Where, however, as in the case at bar, the *corpus delicti* is admitted, there is no question as to the identity of the deceased, and the fatal character of the wound has been fully shown, it is difficult to see how the exhibition in evidence of the bloody garments worn by the deceased when killed, can be justified, as was contended by the State, on the ground that they tended to show the nature and character of the wound. [Rollings v. State, 160 Ala. l. c. 86.] On account of the manner, however, of their

exhibition, it may well be questioned whether their effect was to improperly influence the jury.

We find no prejudicial error in other rulings upon the testimony.

The incorporation in this transcript of sixty or more pages embodying an account of the empaneling of the jury, and the opening statement of the prosecuting attorney, to which no complaint was made, is to be reprobated. It could serve no purpose in a review of the case and added unnecessarily to the cost of preparing the transcript.

For the reasons stated, this judgment should be reversed, and the case remanded that such action may be taken by the State as to it may be deemed proper under the testimony. It is so ordered.

All concur; *Faris, J.,* in result.