S. A. STEVENS v. CORNELIA VANDERBILT CECIL, THE BILTMORE COMPANY, AND THE BILTMORE DAIRY FARMS, INC.

(Filed 12 October, 1938.)

**Judgments § 22a—Complaint held insufficient to state cause of action against corporate defendants in this action to set aside judgment.**

A consent judgment was entered in an action to recover for personal injuries received by plaintiff in which the present plaintiff and the present individual defendant were the sole parties. This action was instituted to set aside said consent judgment on the ground of fraud, and the corporate

defendants were joined upon allegations that the individual defendant had transferred personal property to one of the corporate defendants as her personal holding company "subject to existing current accounts and notes," and that said corporation had in turn transferred certain assets to the other corporate defendant subject to the assumption of all outstanding accounts, nótes and other liabilities. *Held:* Plaintiff's claim for damages is neither a "current account" nor "note," and therefore was not assumed by the first corporation under plaintiff's allegation, and since the first corporation did not assume such liability, its grantee, the second corporation, did not assume it, and there being no allegation that the individual defendant had failed to retain assets sufficient to pay her obligations or that the corporations were organized for the purpose of defrauding creditors, the demurrers of the corporate defendants should have been sustained.

APPEAL by the corporate defendants from judgment of *Alley, J.,* at January Term, 1938, of BUNCOMBE, overruling their demurrer upon the ground that the complaint fails to state facts sufficient to constitute a cause of action against them. Reversed.

*Don C. Young and Wells, Carter & Hipps for plaintiff, appellee.*
*Adams & Adams for corporate defendants, appellants.*

SCHENCK, J. This is an action to vacate a judgment in a previous action between the plaintiff and the individual defendant Cecil, which judgment affected the release of a personal injury claim of the plaintiff against said individual defendant, wherein it is alleged that said judgment was procured by the fraud of the individual defendant and her agent, and wherein it is further alleged that the individual defendant organized the corporate defendants as holding corporations and conveyed to them large property interests. There is no allegation that the corporate defendants participated in the fraud in procuring the judgment sought to be vacated. In fact, it appears from the complaint that they were organized several years after the judgment was procured. There is no allegation that the organization of the corporate defendants was accomplished for the purpose of defrauding the creditors of the individual defendant, and no allegation that the individual defendant has failed to retain property sufficient to pay her obligations.

The complaint alleges that the individual defendant "conveyed to said personal holding corporation (The Biltmore Company) all said property hereinbefore described, . . ." and that the personal property so conveyed was "conveyed to said defendant (The Biltmore Company) subject to existing current accounts and notes payable incurred in the name of the Biltmore Estate, Biltmore House and Gardens and Biltmore Farms, not exceeding the sum of $75,000." The alleged cause of action

of the plaintiff against the individual defendant for personal injuries negligently inflicted cannot be said to be included either in "current accounts" or "notes payable" and was therefore not assumed by The Biltmore Company by reason of the personal property being conveyed subject to current accounts and notes payable.

It is further alleged that The Biltmore Company subsequently conveyed to The Biltmore Dairy Farms, Inc., "mediately another corporate instrumentality of said Cornelia Vanderbilt Cecil, all the business, personal property and assets, conducted, held, used and managed in the Dairy Farms Department of The Biltmore Company, including all cash on hand, in banks, accounts, and other receivables, machinery and other equipment of all kinds, motor vehicles, tools, appliances, furniture, fixtures, livestock, inventories, good will, trade names and trademarks, supplies, farm, dairy and creamery products, growing crops, and all contracts, licenses, rights and franchises relating to said business, subject to the assumption of payment by the purchaser of all outstanding accounts and notes payable, and other liabilities, . . ." Since it does not appear that The Biltmore Company, the grantor, ever assumed liability for the plaintiff's alleged cause of action against the individual defendant, The Biltmore Dairy Farms, Inc., the grantee, by virtue of the conveyance to it, never assumed such liability.

The relief demanded is in the following language: ". . . it appertains to equitable justice and common right that the plaintiff's said *retraxit* be canceled and the aforementioned judgment of nonsuit be stricken out and that said former action be reinstated on the civil issue docket of this court for trial according to the course and practice of the courts, with appropriate leave to the parties respectively to replead therein in the fuller light of subsequent events.

"Wherefore, the plaintiff prays the judgment of the court for the particular relief hereinbefore specified, and for all such other, further and general relief as to equitable justice may appertain, and for costs." There is no relief asked against the corporate defendants, appellants, and no facts alleged upon which any such relief can be predicated, since neither of them was a party to the action wherein the judgment sought to be vacated was rendered.

We are of the opinion, and so hold, that his Honor erred in overruling the demurrer of the corporate defendants, and the judgment below is therefore

Reversed.