## STATE v. FERRELL BEACHUM.

(Filed 10 December, 1941.)

1. **Homicide § 16—Intentional killing with deadly weapon raises presumption of malice constituting crime murder in second degree.**

    Where an intentional slaying of a human being with a deadly weapon is admitted or adduced by the evidence, nothing else appearing, the law presumes malice, constituting the offense murder in the second degree,

and the burden is then upon defendant to show to the satisfaction of the jury facts and circumstances sufficient to reduce the grade of the offense from murder in the second degree to manslaughter, or to excuse it altogether on the plea of self-defense.

**2. Homicide § 27h—**

Where the State introduces evidence that in a fight between defendant and deceased, defendant stabbed deceased with a knife, inflicting mortal injury, the court correctly submits to the jury the question of defendant's guilt of murder in the second degree under the presumption arising from an intentional killing with a deadly weapon, notwithstanding defendant's plea of self-defense.

**3. Homicide § 31—**

Where the jury returns a verdict of guilty of manslaughter, defendant has no just cause to complain that the court submitted to the jury the question of his guilt of murder in the second degree.

**4. Criminal Law § 53f—**

Exceptions to the refusal of the court to give special instructions requested are untenable when the court gives in substance all special instructions requested in so far as they are applicable to the evidence.

APPEAL by defendant from *Carr, J.,* at August Term, 1941, of SAMPSON. No error.

Indictment for murder. The State only asked for verdict of guilty of murder in second degree or manslaughter. The defendant pleaded self-defense. The verdict of the jury was guilty of manslaughter. From judgment imposing sentence the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*E. A. Hightower for defendant, appellant.*

DEVIN, J. The defendant's principal assignment of error is predicated upon the refusal of the court below to charge the jury, as requested, that in no aspect of the testimony could the defendant be convicted of a higher offense than manslaughter. He contends that, while the verdict was manslaughter, the court's submission of the question of second degree murder, under the circumstances, was prejudicial.

The evidence pertinent to the matters involved in this appeal may be concisely stated as follows: The defendant and several companions were in an automobile being driven on a road leading to Godwin's Lake, about eleven o'clock at night. The deceased, a soldier from Fort Bragg, and two other soldiers were in an automobile following, the deceased driving. A previous altercation had occurred between occupants of the two cars. The automobile in which defendant was riding was driven off the road

and an attempt was made to turn it around, apparently to avoid being followed. The automobile of the deceased was then driven so as to block this movement. The defendant and another man got out of the first car, and the deceased and another soldier named Banks got out of the second car. Banks testified he was knocked down and became momentarily unconscious. When he regained his senses he saw deceased and defendant fighting. In the course of the encounter the defendant stabbed the deceased with a knife. The blade of the knife penetrated the heart, causing death. The defendant testified that he got out of the car to remove an obstruction so as to permit the car's being turned, and that while attempting to do so he was assaulted by two, knocked down and beaten with a stick, and that he struck in self-defense. Banks denied striking the defendant until after the deceased had been fatally stabbed.

Uniformly, since the crime of murder was by statute divided into two degrees, it has been held that the intentional slaying of a human being with a deadly weapon implies malice and, nothing else appearing, constitutes murder in the second degree, and that when this implication is raised by requisite proof or admission, it then becomes incumbent upon the defendant to show to the satisfaction of the jury, from all the evidence, facts and circumstances sufficient to reduce the grade of the offense from murder in the second degree to manslaughter, or to excuse it altogether on the plea of self-defense. *S. v. Fuller,* 114 N. C., 885, 19 S. E., 797; *S. v. Gregory,* 203 N. C., 528, 166 S. E., 387; *S. v. Robinson,* 213 N. C., 273, 199 S. E., 163; *S. v. Sheek,* 219 N. C., 811, 15 S. E. (2d), 282. The ruling of the court below on this point, in accord with these principles, must be upheld. Furthermore, since the verdict was guilty of manslaughter, which the State's evidence fully warranted, we think the defendant has no just ground of complaint. *S. v. Blackwell,* 162 N. C., 672, 77 S. E., 1089.

Exceptions were also noted to the refusal of the court to charge the jury in accordance with numerous other prayers for instructions requested by defendant. However, upon examination of the charge as given, we find that these prayers, in so far as applicable, were substantially stated in a charge comprehensive and free from error. There was no exception to the charge as given.

In the trial we find

No error.