STATE v. KEITH WAYNE TODD.

(Filed 24 May, 1944.)

**Homicide §§ 16, 27d—**

In a homicide case where an intentional killing is established, the law presumes malice from the use of a deadly weapon and the defendant is guilty of murder in the second degree, unless he can satisfy the jury, from the evidence offered, of legal provocation which will take from the crime the element of malice and thus reduce it to manslaughter, or which will excuse it altogether on the ground of self-defense.

APPEAL by defendant from *Burney, J.,* at January Term, 1944, of CUMBERLAND. No error.

The defendant was charged with the murder of one James L. Faison. The death of deceased resulted from a pistol shot fired by the defendant. The State's evidence tended to show that the shooting while unpremeditated was intentionally done without sufficient provocation to mitigate or excuse it. The defendant testified that the deceased assaulted him with a knife, and that he shot in self-defense.

The jury returned verdict of guilty of murder in the second degree, and from judgment imposing sentence the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*C. W. Gold, Oates, Quillin & MacRae, and R. Glenn Cobb for defendant.*

DEVIN, J. The defendant's only assignment of error is to the following portion of the judge's charge to the jury: "When an intentional killing is admitted or established, the law presumes malice from the use of a deadly weapon and the defendant would be guilty of murder in the second degree unless he can satisfy the jury of the truth of the facts, not beyond a reasonable doubt nor by the greater weight of the evidence but simply satisfy the jury of facts which justify his act or mitigate it to manslaughter and the burden is on the accused in such case to establish such facts to the satisfaction of the jury unless they arise out of the evidence against him."

This statement of a principle of law appropriate to the definition of murder in the second degree was amplified and pointed to the facts in evidence in this case by the following instruction: "If you find from the evidence beyond a reasonable doubt or if you find from the admissions of the prisoner that he shot and killed the deceased, James L. Faison, on the 25th day of October, 1943; that he killed him intention-

ally and that he killed him with a deadly weapon, then the prisoner is guilty of murder in the second degree and if you so. find it will be your duty to render a verdict of guilty of murder in the second degree against the defendant, unless he has established, not beyond a reasonable doubt nor by the greater weight of the evidence, but simply to the satisfaction of the jury from the evidence he has offered or from the evidence offered against him, the legal provocation which will take from the crime the element of malice, presumed from killing with a deadly weapon, and thus reduce it to manslaughter, or which will excuse it altogether on the grounds of self-defense."

The charge of the court was in accord with well settled principles of law, and the exception thereto cannot be sustained. *S. v. Quick,* 150 N. C., 820, 64 S. E., 163; *S. v. Sheek,* 219 N. C., 811, 15 S. E. (2d), 282; *S. v. Beachum,* 220 N. C., 531, 17 S. E. (2d), 674; *S. v. Prince,* 223 N. C., 392.

In the trial we find

No error.