67 S.E.2d 633 (1951)
234 N.C. 474
STATE
v.
BRANNON et al.
No. 4.
Supreme Court of North Carolina.
November 21, 1951.
*636 C. E. Hyde and O. L. Anderson, Murphy, for appellants.
Harry McMullan, Atty. Gen., and T. W. Bruton, Asst. Atty. Gen., for the State.
DENNY, Justice.
The failure of the court below to sustain the defendants' motion for judgment as of nonsuit, and their motion for a directed verdict of acquittal as to the charge of murder in the second degree, is assigned as error.
The ruling of the court below on these motions was proper and will be upheld. It is true the defendants were law enforcement officers and are contending that they killed the deceased in self defense while in the discharge of their official duties. Nevertheless, this does not change the general rule that where the evidence shows an intentional killing with a deadly weapon, the law implies malice, and the State cannot be nonsuited. As stated in State v. Utley, 223 N.C. 39, 25 S.E.2d 195, 201, "And when this implication is raised by an admission or proof of the fact of an intentional killing, the burden is on the defendant to show to the satisfaction of the jury facts and circumstances sufficient to reduce the homicide to manslaughter or to excuse it." State v. Vaden, 226 N.C. 138, 36 S.E.2d 913; State v. Debnam, 222 N.C. 266, 22 S.E.2d 562; State v. Mosley, 213 N.C. 304, 195 S.E. 830; State v. Terrell, 212 N.C. 145, 193 S.E. 161; State v. Keaton, 206 N.C. 682, 175 S.E. 296; State v. Johnson, 184 N.C. 637, 113 S.E. 617.
Furthermore, submission to the jury of the question of the guilt of the defendants of murder in the second degree was harmless since the jury returned a verdict of manslaughter. State v. Artis, 233 N.C. 348, 64 S.E.2d 183; State v. Beachum, 220 N.C. 531, 17 S.E.2d 674; State v. Blackwell, 162 N.C. 672, 78 S.E. 316.
The defendants assign as error the failure of the court to instruct the jury not to consider statements made by the witnesses R. V. Dockery and Ed Dockery to the effect that "Hoyt (the deceased) got so weak" just before the defendant Garren fired the last shot. The court sustained the objections to the statements even though the defendants interposed no objections to the preceding questions.
Since no objections were made to the questions which preceded the statements and no request to strike the answers were interposed, and no request was made to the court to instruct the jury not to consider them, these exceptions were waived. State v. Holland, 216 N.C. 610, 6 S.E.2d 217; State v. Gooding, 196 N.C. 710, 146 S. E. 806; State v. Green, 152 N.C. 835, 68 S. E. 16. Moreover, we consider the statements harmless in view of the medical and other testimony which was before the jury. Barton had been shot three times by Brannon before he was shot by Garren, and if Garren's own testimony is to be believed, he fired the fourth shot which entered the left leg of the deceased. This shot, according to the medical testimony, entered the left leg near the groin and came out through the thigh. Prior thereto, one shot had entered the right forearm of the deceased and came out about an inch and a half below his elbow, and another one entered *637 the back of the left arm and came out the front above the elbow. Still another shot entered his right chest; this bullet ranged upward and punctured the upper right part of his lung and fractured his windpipe.
The appellants have preserved and brought forward thirteen exceptions to contentions of the State, or the defendants, as given to the jury by the court in its charge.
It is well settled that any misstatement of the evidence by the trial Judge in reciting the contentions of the State, or a defendant, should be brought to his attention in apt time in order to afford him an opportunity for correction. State v. Shackleford, 232 N.C. 299, 59 S.E.2d 825; State v. Warren, 227 N.C. 380, 42 S.E.2d 350; State v. Biggerstaff, 226 N.C. 603, 39 S.E.2d 619; State v. Smith, 221 N.C. 400, 20 S.E.2d 360.
The defendants complain and assign as error the failure of the court to properly define and apply the law to the facts and explain the difference between self defense as applied to ordinary persons and as applied to officers attempting to make a lawful arrest.
Pertinent parts of the charge complained of with respect to the rights and duties of officers while making an arrest, are as follows: "If you find from the evidence that the defendant Brannon apprehended the deceased, Hoyt Barton, in a violation of the prohibition law, I charge you that it was the duty of the officers to place him under arrest * * *. The officers owed the deceased no duty to allow him to go home nor were they required or under any duty to put off the arrest to a more favorable time * * *.
"The court further charges you that where an officer has legal authority to arrest, and while using proper means, if resisted, he may repel force with force and need not give back an inch; but he may not use excessive force * * *. When an offender resists arrest the officer may use sufficient force to overcome resistance, and if the resistance is with a deadly or dangerous weapon, and I charge you that the cue stick introduced in evidence here is a deadly weapon, the officer may resort to such force as necessary to avoid serious injury and accomplish the arrest. He is never required under such circumstances to afford the resisting offender the opportunities of a fair and equal struggle, but may avail himself of any advantages that arise in the conflict.
"It is the law of this State, and I charge you that forcible resistance to lawful arrest will not be sanctioned. As against those who defy its decrees and threaten violence to its officers, the law commands that its mandates be executed, peaceably, if they can, forcibly if they must. An officer making an arrest, either in case of felony or misdemeanor, may meet force with force, sufficient to overcome it, even to the taking of life if necessary * * *. He is rightfully the aggressor, and he may use such force as is necessary to overcome any resistance * * *.
"* * * Where officers, engaged in making arrests, are acting in good faith, and force is required to be used, their conduct should not be weighed in golden scales. I therefore charge you, gentlemen of the jury, that if you should find from the evidence in this case that the defendants used no more force than appeared to them to be necessary at that time and under the circumstances then confronting them, the homicide would be justifiable and it would be your duty to return a verdict of not guilty.
"I charge you that it is the law in this State that duly summoned assistants or persons deputized by an officer attempting to make an arrest are under the same protection of the law which is afforded the officer attempting such arrest. Therefore, if you find from the evidence that the defendant Garren was duly summoned or deputized by the officer Brannon to assist in making or attempting to make an arrest of the deceased Hoyt Barton, the law affords the defendant Garren the same protection as it affords the defendant Brannon.
"If you find from the evidence that Brannon, the police officer, while attempting to arrest the deceased for a violation *638 of the prohibition law of the State, in the presence of the officer, was withstood and resisted by the deceased, and in resisting assaulted the officer with a cue stick * * * making it appear to the officer it was necessary to shoot the deceased in order to subdue him and place him under arrest, the action of the officers was fully justified.
"The court further charges you that an authorized officer of the law in arresting an offender may use force, the degree of which is largely within his own judgment, as is necessary to accomplish his purpose, and when withstood and his authority and purpose made known, he may use the force necessary to overcome resistance, to the extent of taking human life if that be required for the proper and efficient performance of his duty, without criminal liability, unless the force has been excessively and maliciously used to such a degree as amounts to a wanton abuse of authority; and this applies whether the offense charged be a felony or misdemeanor."
We do not think this assignment of error is well taken. It is not contended by the appellants that the court's charge on the law ordinarily applicable to the right of self defense is erroneous; and the charge with respect to the rights and duties of an officer while making an arrest was in substantial accord with our decisions on the subject.
Stacy, C. J., in speaking for the Court in Holloway v. Moser, 193 N.C. 185, 136 S.E. 375, 377, 50 A.L.R. 262, said: "An officer, in making an arrest or preventing an escape, either in case of felony or misdemeanor, may meet force with force, sufficient to overcome it, even to the taking of life if necessary. State v. Dunning, 177 N. C. 559, 98 S.E. 530, 3 A.L.R. 1166. And he is not required, under such circumstances, to afford the accused equal opportunities with him in the struggle. He is rightfully the aggressor and he may use such force as is necessary to overcome any resistance. * *
"If the offender put the life of the officer in jeopardy, the latter may se defendendo slay him; but he must be careful not to use any greater force than is reasonably and apparently necessary under the circumstances, for necessity * * * is the ground upon which the law permits the taking of life in such cases." State v. Miller, 197 N.C. 445, 149 S.E. 590; State v. Fain, 229 N.C. 644, 50 S.E.2d 904.
Moreover, the defendants do not except to any specific portion of the charge on this phase of the case. And it would seem that if any portion of the charge complained of, in this respect, is subject to criticism, it is because it was more favorable to the defendants than our decisions require.
We have carefully examined the remaining assignments of error to the court's charge, and when it is considered contextually, as it must be, it is in our opinion, without prejudicial error. In re Will of West, 227 N.C. 204, 41 S.E.2d 838; State v. French, 225 N.C. 276, 34 S.E.2d 157; State v. Davis, 225 N.C. 117, 33 S.E.2d 623; State v. Manning, 221 N.C. 70, 18 S.E.2d 821.
There are many other exceptions and assignments of error on this record which we have not discussed, but after a careful examination and consideration of them, none of them, in our opinion, is sufficient to disturb the verdict below.
A careful review of the entire record leads us to the conclusion that the real issue in the trial below was whether or not the defendants used excessive force in their attempt to subdue and arrest the deceased. The jury resolved the issue against the defendants in a trial free from error in law. The verdict of the jury will be upheld.
No Error