STATE of Missouri, Respondent,

v.

Arnold DOBSON, Appellant.

No. 40598.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 21, 1979.

Robert C. Babione, Public Defender, Terry Burnet and Mary Kay Wefelmeyer, Asst. Public Defenders, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

JAMES D. CLEMENS, Senior Judge.

Defendant Arnold Dobson has appealed a judgment sentencing him to two years in prison, rendered pursuant to a jury verdict finding him guilty of manslaughter. Defendant claimed self defense.

On appeal defendant contends the trial court erred by admitting his incriminating statement to the police, and by permitting the display of photographs showing injuries inflicted on the victim.

The evidence: Police found defendant in the victim's ransacked apartment. The victim's bloody body, clad only in a T-shirt, showed knife wounds to his face, chest, abdomen and back; a heavy metal ash tray had penetrated his skull; a long, bloody knife lay on the floor. Defendant's hands were bloody but they had not been injured. Police arrested defendant and "gave him his constitutional rights." At first defendant stated four men had broken into the apartment and a fight ensued in which the victim was killed. Minutes later defendant withdrew his first statement and then related—as he later substantially testified at

trial—that the victim enticed defendant to his apartment and then, under the victim's promise of further gifts, as well as threats, defendant at first agreed to let the victim perform an act of rectal intercourse; that later when defendant refused, the victim threatened "do it or else," and came at him with a knife; they struggled and when the victim dropped the knife defendant grabbed it and repeatedly stabbed him, and when he showed signs of life defendant struck him with the heavy metal ashtray.

 Defendant's first point contends there was no proper foundation for admitting the statement he had given the police since it lacked proper evidence of warning. Officer McDonagh testified he and Sergeant Wilson interrogated defendant after Sergeant Wilson had "given defendant his rights." Sergeant Wilson did not testify, and defendant now contends McDonagh's statement that he heard Wilson "give defendant his rights" was inadmissible as hearsay. Defendant misconceives the hearsay rule. Officer McDonagh's statement that Sergeant Wilson had warned defendant was direct, not hearsay evidence. Thus, since Officer McDonagh's statement about what Sergeant Wilson told defendant was not offered to prove the inherent truth of Sergeant Wilson's statement but rather to show that Sergeant Wilson had in fact warned defendant. Compare *State v. Hale,* 371 S.W.2d 249 [7, 8] (Mo.1963) and *State v. Herington,* 520 S.W.2d 697 [2, 3] (Mo.App. 1975). We deny defendant's first point.

Defendant's remaining point relied on concerns photographs. He contends the trial court erred in *permitting the state during closing argument to display photographs* depicting the site of the killing and the wounds defendant inflicted on the victim. Defendant now argues that since he raised no issue at trial concerning the victim's identity or cause of death, "this gruesome display of the victim's bodily injuries was highly prejudicial" and denied him a fair trial.

We have examined the challenged pictures. Four primarily show the victim's apartment in bloody disarray; two show the victim in a prone position at the apartment, revealing bloody injuries to the back of his head; two more, taken at the morgue, show injuries to each side of the victim's head.

As noted, defendant does not challenge the evidentiary relevance of the photographs. He relies on *State v. Porter,* 276 Mo. 387, 207 S.W. 774 [4, 5] (Mo.1918), which criticized the evidentiary admission of bloody clothing since there it did not "throw any relevant light upon a material matter at issue." *Porter,* however, stated that the issue is one for initial exercise of the trial court's discretion, and reversed on other grounds. In contrast, here the defendant's claim of self defense was a material issue and light was shed thereon by comparing the severity of the victim's wounds in contrast to the defendant's freedom from injury. *Porter* is not controlling here.

 In our review of this point we bear in mind the trial court's broad discretion in allowing or rejecting jury argument. *State v. Wright,* 515 S.W.2d 421 [8] (Mo. banc 1974). And, absent a showing of evidentiary inadmissibility, it is presumed the evidence was properly before the jury and the prosecutor's use of that evidence for "arguing and proving the state's case would be proper." *Jackson v. State,* 465 S.W.2d 642 [7–9] (Mo.1971).

 *State v. Jackson,* 499 S.W.2d 467 [5–8] (Mo.1973) was a murder case where defendant challenged the admission of a morgue photograph showing the victim's mangled body. The court upheld admission because, among other reasons, it "corroborates the oral testimony of the state [and] refutes defense testimony." Here, the challenged photographs did corroborate the state's oral testimony of injuries the defendant had inflicted, and in view of his not being injured tended to refute his claim of self defense. We find no error.

Judgment affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.