STATE v. BETTIE TRIPLETT, WALTER TRIPLETT, AND WILL DULA.

(Filed 6 January, 1937.)

**1. Homicide § 17—**

Where the indictment jointly charges several persons with premeditated murder, evidence of acts done in furtherance of a common purpose, design, or unlawful conspiracy, leading to the murder, are competent, although the indictment makes no specific charge of conspiracy.

**2. Homicide § 2: Criminal Law § 8—**

Where two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty.

**3. Homicide § 18—Ruling admitting testimony of dying declaration is upheld on testimony showing declarant apprehended approaching death.**

Testimony that the victim of the fatal assault by defendants stated in the hospital that "he was killed" by defendants *is held* to show that he

appreciated the seriousness of his condition and apprehended his approaching dissolution, and the trial court's refusal to strike out testimony of his declaration thereafter made containing statements constituting *pars res gestœ* will not be disturbed on appeal.

**4. Homicide § 17—Testimony of conversation between victim and assailant immediately after altercation held competent.**

The evidence disclosed that immediately after the assault later causing death, the victim took refuge some distance from the house in which the altercation transpired, and called for help. The witness and one of the assailants went to his aid. The witness testified to the effect that when the assailant called to the victim to come to him and let him see how badly he was hurt, the victim refused and declared that he was afraid the assailant would continue the fight. *Held:* The testimony disclosing the victim's fear of the assailant was competent certainly as to the assailant referred to, and its admission solely against him is not error, either upon his exception or the exceptions of the other defendants.

APPEAL by defendants from *Clement, J.,* at August Term, 1936, of WILKES.

Criminal prosecution, tried upon indictment charging the defendants with the murder of one Cline Hall.

On the night of 18 July, 1936, the deceased, Cline Hall, and the defendants, Bettie and Walter Triplett and Will Dula, attended a dance at the home of Zeb Triplett in Wilkes County. A fight ensued in which the deceased used a fruit jar, Walter and Bettie Triplett knives, and Will Dula rocks. Walter Triplett inflicted the fatal wounds.

Over objection, G. C. Hall, father of the deceased, was permitted to give in evidence, as a dying declaration, the statement of his son, while in the hospital, to the effect that "he was killed," and that "Walter cut me. . . . Bettie stabbed me. . . . Will Dula hit me with his fist . . . and a couple of rocks."

Objection is also made to the admission of Gwyn Triplett's testimony: After the deceased had been stabbed, he went across the branch about fifteen yards from the house, "up on the hillside," and called for help. Walter and Gwyn went to his aid. Gwyn testifies: "Well, Walter, first, after he got over there, Walter says, 'Come down, I want to see what is the matter with you.' Cline says, 'No, I am afraid you will jump on me again.' Walter says, 'No, I won't bother you no more.'" Motion to strike; overruled; exception. Admitted only as to Walter Triplett.

Walter Triplett pleaded self-defense, and the other defendants that they were innocent bystanders.

Verdict: Guilty of murder in the second degree as to all three of the defendants.

Judgment: Imprisonment in the State's Prison, as to each of the defendants, for not less than fifteen nor more than twenty years.

The defendants appeal, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General McMullan for the State.*

*W. H. McElwee, Trivette & Holshouser, and T. R. Bryan for defendants.*

STACY, C. J. It may simplify the objections to observe *in limine* that when three persons are jointly charged with a premeditated murder, as here, acts done in furtherance of a common purpose, design, or unlawful conspiracy, leading up to the murder, may be shown in evidence, though the bill contains only a general allegation of premeditation and deliberation, and makes no specific reference to the conspiracy. *S. v. Gosnell,* 208 N. C., 401, 181 S. E., 323; *S. v. Donnell,* 202 N. C., 782, 164 S. E., 352; *S. v. Mace,* 118 N. C., 1244, 24 S. E., 798; *St. Clair v. U. S.,* 145 U. S., 134; *Sprinkle v. U. S.,* 141 Fed., 811. Another principle, also applicable, is that where two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty. *S. v. Gosnell, supra; S. v. Donnell, supra; S. v. Beal,* 199 N. C., 278, 154 S. E., 604; *S. v. Hart,* 186 N. C., 582, 120 S. E., 345; *S. v. Jarrell,* 141 N. C., 722, 53 S. E., 127.

Viewed in the light of these principles, the exceptions touching the matter of a conspiracy, though presented with much apparent diligence and research, are really too attenuate to require an extended discussion. Without elaboration, it is enough to say that they cannot be sustained.

The objection chiefly urged by the defendants is the one addressed to the refusal of the court to strike out the dying declaration of the deceased. It may be conceded that whether a proper foundation or predicate was laid for the admission of this testimony is fairly debatable. *S. v. Beal, supra.* However, it is thought that the ruling in favor of its admission must be upheld. The declaration was prefaced with the statement that "he was killed," which was equivalent to saying that the deceased appreciated the seriousness of his condition and apprehended his approaching dissolution. *S. v. Franklin,* 192 N. C., 723, 135 S. E., 859.

The testimony of Gwyn Triplett, at which the defendants complain, was admitted only as against Walter Triplett. It was clearly competent as to him. Indeed, it might well be considered as a part of the *res gestæ. S. v. Davis,* 87 N. C., 514. At least, the deceased feared Walter's presence was but a continuation of the original altercation. *S. v. Bailey,* 205 N. C., 255, 171 S. E., 81; *S. v. Bryson,* 203 N. C., 728, 166 S. E., 897.

A careful perusal of the entire record leaves us with the impression that no reversible error has been shown. The verdict and judgments will be upheld.

No error.