## STATE v. RAYMOND WILLIAMS AND HENRY WILLIAMS.

(Filed 8 November, 1939.)

**1. Criminal Law § 35—**

When the evidence establishes a conspiracy or establishes facts from which a conspiracy can be inferred, the acts and declarations of each conspirator, done or uttered in furtherance of the common, illegal design, are competent and admissible in evidence against all of the conspirators.

**2. Criminal Law § 8b—**

Where two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty.

**3. Homicide § 25—**

Evidence that defendants entered into a conspiracy to rob deceased, and that in effecting their purpose one of them hit deceased with an axe, inflicting fatal injury, the other appealing defendant being present and aiding and abetting, *is held* amply sufficient to be submitted to the jury and to sustain their verdict of guilty of murder in the first degree as to each of the appealing defendants.

APPEAL by defendants, Raymond Williams and Henry Williams, from *Williams, J.,* at August Term, 1939, of SAMPSON.

Criminal prosecution tried upon one indictment charging the defendants, Raymond Williams, Henry Williams and Lee Simpson, with con-

spiracy to murder Nathan Reif, and upon a second indictment charging the defendant Raymond Williams with the murder of Nathan Reif, and upon a third indictment charging the defendant Henry Williams with the murder of Nathan Reif.

By consent, the cases were consolidated and tried together, each indictment being considered as a separate count in a single bill.

Verdict: "The jury for their verdict say that the defendants, Raymond Williams and Henry Williams, are guilty of murder in the first degree."

It is stated in the case on appeal that the defendant Lee Simpson was convicted of murder in the second degree, sentenced to thirty years in the State's Prison, and that he has not appealed.

Judgments: Death by asphyxiation as to both Raymond Williams and Henry Williams.

The defendants, Raymond Williams and Henry Williams, appeal, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*P. D. Herring for defendant Raymond Williams.*

*B. H. Crumpler for defendant Henry Williams.*

STACY, C. J. The deceased was a peddler, carrying his merchandise in an automobile, and selling it from house to house in Sampson County. On 24 November, 1938, it was known that he had a large sum of money. This was seen by the defendants when the deceased sold some goods at a filling station and made change from his pocketbook. The evidence discloses that the three defendants planned to rob the deceased by inducing him to go to the home of Lee Simpson under the pretext that Simpson's wife would buy some of his merchandise. They waited for the peddler upon the highway as he came from the filling station, and their plans were executed apparently with ease and precision. Soon after the deceased arrived at the Simpson home he was struck in the back of the head with an axe and mortally wounded. He was then placed in his automobile and the automobile was moved out of the yard and parked on the side of the road about 200 yards away. Here the deceased was found by some of the witnesses, bloody and struggling for life. Simpson's wife testifies that Raymond Williams struck the fatal blow, and that Raymond and Henry then placed the deceased in his car and moved it out of the yard. Thus, as a result of the conspiracy to rob, the deceased lost, not only his money, but also his life. Pools of blood and the empty bill-folder belonging to the deceased were found in the front yard of the Simpson home. The evidence points unerringly to the guilt of the defendants.

The exceptions present no new question of law or one not heretofore settled by the decisions. It is so well established as to be almost axiomatic that when the existence of a conspiracy has been shown, or facts from which it may be inferred, the acts and declarations of each conspirator, done or uttered in furtherance of the illegal design, are admissible in evidence against all. *S. v. Lea,* 203 N. C., 13, 164 S. E., 737.

One who enters into a criminal conspiracy, like one who participates in a lynching, or joins a mob to accomplish some unlawful purpose, forfeits his independence and jeopardizes his liberty, for, by agreeing with another or others to do an unlawful thing, he thereby places his safety and security in the hands of every member of the conspiracy. The acts and declarations of each conspirator, done or uttered in furtherance of the common, illegal design, are admissible in evidence against all. *S. v. Ritter,* 197 N. C., 113, 147 S. E., 733. "Everyone who enters into a common purpose or design is equally deemed in law a party to every act which had before been done by the others, and a party to every act which may afterwards be done by any of the others, in furtherance of such common design." *S. v. Jackson,* 82 N. C., 565; *S. v. Anderson,* 208 N. C., 771, 182 S. E., 643.

Another principle, also applicable to the facts appearing of record, is that where two or more persons aid and abet each other in the commission of a crime, all being present, all are principals and equally guilty. *S. v. Triplett,* 211 N. C., 105, 189 S. E., 123.

The record is free from reversible error. The exceptions addressed to the admission of evidence and those directed to the charge are too attenuate to require any extended discussion. Without elaboration, it is enough to say they cannot be sustained.

The verdict is supported by the evidence, and the judgments are such as the law commands.

No error.