STATE v. J. C. BROOKS, GRADY BROWN, AND THURMAN MUNN.

(Filed 15 October, 1947.)

**1. Criminal Law § 78e (1)—**

    An exception for failure of the court to charge upon the question of manslaughter, without exception to any portion of the charge or exception under G. S., 1-180, on the ground that the court failed to explain the law arising on the evidence and pointing out wherein the court failed to comply with the statute, does not properly present the question for review.

**2. Homicide § 2—**

    Where three prisoners conspire to escape, and contemplate as a part of the plan that one of them should attack the guard and another seize the guard's gun, and in the execution of the common design in accordance with the plan, the prisoner agreed upon does seize the gun and kills a guard in order to effectuate the escape, all are equally guilty, and the contention of the co-conspirators that they conspired only to commit an escape which is a misdemeanor, G. S., 14-256, and therefore could not be guilty of more than manslaughter, is untenable since the killing was a natural and probable consequence of the conspiracy as formulated.

**3. Conspiracy § 9—**

    Each conspirator is equally responsible for all acts committed by the others in the execution of the common purpose which are a natural and probable consequence of the unlawful undertaking, even though such acts are not intended or contemplated as a part of the original design.

**4. Criminal Law § 8: Homicide § 2—**

    Where two or more persons are present, aiding and encouraging one another in a common purpose which results in a homicide, all are principals and equally guilty.

**5. Homicide § 25—**

    When an intentional killing with a deadly weapon has been established, the law implies malice, and the State cannot be nonsuited.

APPEAL by defendants from *Pless, J.,* at Special Term, May, 1947, of HENDERSON.

Criminal prosecution upon indictment charging the defendants with the murder of one George Bowman.

The defendants were prisoners serving sentences under the supervision of the State Highway and Public Works Commission, and had been assigned to a prison camp in Henderson County.

The evidence tends to show that the defendants conspired to escape and that it was agreed to overpower a guard, obtain his rifle and use the rifle, if it became necessary, in order to escape. On 3 March, 1947, the defendants decided to carry out their plan of escape. They were working in a rock quarry and those in charge were preparing to set off a charge of dynamite. The prisoners were moving out of the quarry. Defendant Brown first entered a guard shack occupied by the guard, Gordon Morgan, the defendants Brooks and Munn followed him into the shack. The guard was overpowered and his rifle was taken by Brooks. In the struggle the guard was knocked down an embankment 15 or 20 feet from the guard shack into a gravel bin. Brooks fired upon the guard and the guard returned the fire with his pistol. In the meantime another guard, George Bowman, was informed of the trouble and started towards the shack previously occupied by Morgan. The defendant Brooks, using the

seized rifle, stuck the barrel through a hole in the guard shack and shot and killed Bowman. The defendants then escaped, carrying the seized rifle with them. After the defendants were recaptured, according to the testimony of J. E. Braswell, the officer in charge of the Fugitive Office of the State Prison Department, the defendant Munn told him "They had agreed to make the break and that Brooks would use the gun and that Brown would make the attack . . . that Brooks used the gun because he knew how to operate it," and that Brooks admitted he was the gun man.

Verdict: Each defendant guilty of murder in the first degree. Judgment of death by asphyxiation was imposed upon each defendant. Defendants appeal, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*E. L. Whitmire for J. C. Brooks.*

*W. W. Carpenter for Grady Brown.*

*Charlton E. Huntley for Thurman Munn.*

DENNY, J. The defendants Brown and Munn except to the failure of his Honor to charge the jury on manslaughter.

The exception does not properly present this question. There was no request for such instruction. No exception has been entered to any portion of the court's charge to the jury. And there is no exception reserved under the provisions of G. S., 1-180, on the ground that the court failed to explain the law arising upon the evidence in the case and pointing out wherein the court failed to comply with the provisions of this statute. Even so, if such exception had been entered and preserved, it would be without merit.

These defendants contend that they did not knowingly aid or encourage Brooks in the commission of this homicide. They insist they were only engaged in an escape, which is a misdemeanor, G. S., 14-256, and therefore would not be guilty in any event, of more than manslaughter, citing *S. v. Hardee,* 192 N. C., 533, 135 S. E., 345; *S. v. Merrick,* 171 N. C., 788, 88 S. E., 501; *S. v. Powell,* 168 N. C., 134, 83 S. E., 310; *S. v. Durham,* 141 N. C., 741, 53 S. E., 720; *S. v. Horner,* 139 N. C., 603, 52 S. E., 136, and *S. v. Vines,* 93 N. C., 493. This contention on the part of these defendants cannot be sustained in the light of the evidence disclosed on this record. There was a conspiracy to escape. As a part of the common design or plan to escape, it was agreed that Brown was to attack the guard and Brooks, who knew how to operate the guard's gun, was to seize the gun. The exact procedure agreed upon was followed.

Brown entered the guard shack, followed by Brooks and Munn. Brown did attack the guard, Brooks did seize his rifle and used it to fire on the guard Morgan and to kill the deceased, another guard, who was apparently going to the rescue of Morgan. The conduct of these defendants, in carrying out their conspiracy to commit an unlawful act was such as might naturally and reasonably have been supposed to result in a homicide. The defendants Brown and Munn were active participants in the commission of this homicide, giving Brooks aid and assistance; and under our decisions they are equally as guilty as the defendant Brooks, who actually fired the shot that killed Bowman.

*Stacy, C. J.,* in speaking for the Court in *S. v. Smith,* 221 N. C., 400, 20 S. E. (2d), 360, said: "The general rule is, that if a number of persons combine or conspire to commit a crime, or to engage in an unlawful enterprise, each is responsible for all acts committed by the others in the execution of the common purpose which are a natural or probable consequence of the unlawful combination or undertaking, even though such acts are not intended or contemplated as a part of the original design. *S. v. Williams, supra* (216 N. C., 446, 5 S. E. (2d), 314); *S. v. Lea, supra* (203 N. C., 13, 164 S. E., 737); *S. v. Stewart,* 189 N. C., 340, 127 S. E., 260."

Moreover, where two or more persons are present, aiding and encouraging one another in a common purpose which results in a homicide, all are principals and equally guilty. *S. v. Williams,* 225 N. C., 182, 33 S. E. (2d), 880; *S. v. Triplett,* 211 N. C., 105, 189 S. E., 123; *S. v. Gosnell,* 208 N. C., 401.

The exception to the refusal of the court to grant the defendant Brooks' motion for judgment as of nonsuit, cannot be sustained. When an intentional killing with a deadly weapon has been established, the law implies malice and the State cannot be nonsuited. *S. v. Vaden,* 226 N. C., 138, 36 S. E. (2d), 913; *S. v. Rivers,* 224 N. C., 419, 30 S. E. (2d), 322; *S. v. Beachum,* 220 N. C., 531, 17 S. E. (2d), 674; *S. v. Bright,* 215 N. C., 537, 2 S. E. (2d), 541; *S. v. Mosley,* 213 N. C., 304, 195 S. E., 830; *S. v. Robinson,* 213 N. C., 273, 195 S. E., 824; *S. v. Cagle,* 209 N. C., 114, 182 S. E., 697; *S. v. Johnson,* 184 N. C., 637, 113 S. E., 617. In view of what has been said herein, the exceptions of the defendants Brown and Munn, to the refusal of the court to grant their motions for judgment as of nonsuit, are equally untenable.

In the trial below, we find

No error.