STATE v. HARRY FORSHEE, ET AL.

(Filed 10 December, 1947.)

1. **Assault §§ 13, 14c—Evidence held to show that defendant aided and abetted in assault after full knowledge of its felonious character.**

The evidence tended to show that defendant drove prosecuting witness to a secluded spot and induced the witness to go to the back of the car, where a person concealed in the trunk shot the witness, that the witness got back in the car and requested defendant to drive him to a hospital, whereupon defendant took the ignition keys from the car, went to the back of the car and ordered the witness to follow, and that there the witness was again shot by the person hiding in the trunk. Defendant testified that he acted pursuant to an agreement with the assailant, but that he anticipated only a fist fight between assailant and defendant. *Held:* The court properly denied defendant's motion for a directed verdict of not

guilty upon the charge of assault with a deadly weapon with intent to kill, and correctly refused to submit the question of defendant's guilt of simple assault, since defendant's contention that he anticipated only a fist fight is feckless in view of defendant's actions after the first felonious assault had been made.

**2. Criminal Law § 8—**

A person who conspires to engage in an unlawful enterprise and is present and aids and abets the perpetrator in the commission of the crime is guilty as a principal.

APPEAL by defendant Forshee from *Bone, J.,* at May Special Criminal Term, 1947, of CUMBERLAND.

Criminal prosecution tried upon indictment charging the defendants with an assault upon one Sgt. James E. Winfield with a deadly weapon with intent to kill, inflicting serious injuries, not resulting in death.

The State's evidence tends to show that the prosecuting witness, Sgt. James E. Winfield, is in the United States Army stationed at Fort Bragg, and lives with his wife and children in Fayetteville, North Carolina. On the afternoon of 6 February, 1947, the witness Winfield came to his home from Fort Bragg about 4:45 p.m. The defendant Harry Forshee was there and invited Winfield to take a trip with him that evening, stating he would be back for him about 7:00 p.m. The witness Winfield said he would go and Forshee left shortly thereafter.

The defendant Forshee returned to the Winfield home about 7:00 o'clock, picked up Winfield and drove to a secluded spot on the old Rosehill road. He requested Winfield to get out of the car and look for a paper which he claimed had been left there for him. Another car was seen approaching and he requested Winfield to get back in the car, stating, "This is not the place." He drove a little further down the road and stopped and said, "This should be the place." He told Winfield to get out and help him look for the paper. He directed Winfield to go behind the car, and as he did so, the trunk of the car quickly opened and someone shot him. The bullet went through his collarbone and lodged in the back of his shoulder. Winfield yelled he was shot, got back in the car and requested Forshee to take him to a hospital. Instead of complying with this request, Forshee took the ignition key out of the car; went to the back of the car and ordered Winfield to come to the rear of the car. When he got out of the car and started toward Forshee, Winfield testified he saw a pistol in Forshee's hand, pointing toward the ground. At that moment another shot was fired at him from the trunk of the car, the bullet grazing his right shoulder. Winfield ran into the woods and finally got a Mr. Bain to take him to Fayetteville. According to the evidence the prosecuting witness was seriously injured. He was admitted to the Fort Bragg hospital on 6 February and was discharged

from the hospital on the following March 7th. The witness Winfield was unable to identify the man who shot him.

At the close of the State's evidence the defendant Murchison moved for judgment as of nonsuit and the motion was allowed.

The defendant Forshee then went on the witness stand and testified in his own behalf. He testified that George Murchison had been going with Winfield's wife for years; that Murchison requested him to make arrangements to take Winfield out in his car to a place where he (Murchison) "could give him a good beating because of something Winfield had said about him." He agreed to do so, and on the evening of 6 February, 1947, he took Murchison concealed in the trunk of his car, when he drove the prosecuting witness to the place where he was assaulted. He denied that he had a gun or that he knew Murchison had one. He testified that he did not think "we were going out there for anything more than a fist fight between two men."

Verdict as to Harry Forshee: Guilty as charged in the bill of indictment.

Judgment: Imprisonment in the State's Prison for a term of not less than six nor more than eight years.

The defendant Forshee appeals, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*James R. Nance for defendant, appellant.*

DENNY, J. The defendant excepts and assigns as error the refusal of the court below to allow his motion for a directed verdict of not guilty as to the felonious charge, and to the failure of the court to charge the jury that they could return a verdict of simple assault. These exceptions cannot be sustained.

The contention of the appealing defendant that he never anticipated anything more than a fist fight is repugnant to the role he played in this vicious assault on the prosecuting witness. If his contention were true, why did he not take Winfield to a hospital as he was requested to do after Murchison shot him the first time? He certainly knew at that time the nature of the assault Murchison intended to make on Winfield, but he continued to aid and abet him in making a still further assault on him. The defendant and Murchison had not only conspired to engage in an unlawful enterprise, but both were present aiding and abetting each other in the commission of the crime. This made Forshee guilty as a principal. *S. v. Brooks, ante,* 68, 44 S. E. (2d), 482; *S. v. Williams,* 225 N. C., 182, 33 S. E. (2d), 880; *S. v. Smith,* 221 N. C., 400, 20 S. E. (2d), 360; *S. v. Triplett,* 211 N. C., 105, 189 S. E., 123; *S. v. Gosnell,* 208 N. C., 401, 181 S. E., 323; *S. v. Jarrell,* 141 N. C., 722, 53 S. E., 127.

In the case of *S. v. Gosnell, supra,* this Court·said : "The principle is . . . well established that without regard to any previous confederation or design, when two or more persons aid and abet each other in the com-. ·mission of a crime, all being present, all are principals and equally guilty." And in *S. v. Smith, supra,* it is held : "The general rule is, that if a number of persons combine or conspire to commit a crime, or to engage in an unlawful enterprise, each is responsible for all acts committed by the others in the execution of the common purpose which are a natural or probable consequence of the unlawful combination or undertaking, even though such acts are not intended or contemplated as a part of the original design. *S. v. Williams, supra* (216 N. C., 446, 5 S. E. (2d), 314) ; *S. v. Lea, supra* (203 N. C., 13, 164 S. E., 737) ; *S. v. Stewart,* 189 N. C., 340, 127 S. E., 260."

The remaining assignments of error are without merit.

In the trial below we find

No error.