### STATE v. J. H. PHILLIPS.

(Filed 24 November, 1948.)

**1. Homicide § 16—**

The presumptions that a homicide was unlawful and done with malice do not arise against the slayer in a prosecution for homicide unless he admits or the State proves that he intentionally killed the deceased with a deadly weapon.

**2. Homicide § 27b—**

Where there is no evidence that defendant intentionally killed deceased, a charge on the presumptions arising from an intentional killing with a deadly weapon and upon the burden resting upon defendant to rebut such presumptions, will be held prejudicial error as tending to confuse the jury.

APPEAL by defendant, J. H. Phillips, from *Williams, J.,* and a jury, at the August Term, 1948, of WAYNE.

The defendant was indicted for the murder of Henry Bruce Gurganus. The State did not seek a conviction for first degree murder, and the court left it to the jury to determine whether the defendant was guilty of murder in the second degree, or manslaughter, or not guilty.

The homicide occurred about midnight on 13 January, 1948, upon premises in charge of the defendant while the deceased was engaged in an affray with one Leslie Mitchell. No evidence was presented at the trial indicating that the slaying was intentional.

There was evidence in behalf of the State tending to show that the deceased was killed by the unintentional discharge of a pistol which was being handled by the defendant in a criminally careless and reckless manner.

The defendant claimed, however, that the deceased met death through misadventure, and adduced testimony indicating that the killing resulted from the accidental and unintentional discharge of the defendant's pistol while the defendant was lawfully endeavoring to suppress the affray between the deceased and Mitchell.   G.S. 15-39.

The jury returned a verdict of guilty of manslaughter, and from judgment of imprisonment based thereon, the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*J. Faison Thomson and William A. Dees, Jr., for defendant, appellant.*

ERVIN, J.   The defendant assigns as error the following instruction of the court to the jury: "When it is proven beyond a reasonable doubt that the defendant intentionally shot and killed the deceased with a deadly weapon, to wit, a pistol, and I charge you that a pistol in this case is a deadly weapon, then the law casts upon the defendant the burden of proving to your satisfaction, not beyond a reasonable doubt or by the greater weight of the evidence, circumstances which would mitigate murder in the second degree to manslaughter or excuse it altogether on the grounds of accident."

The presumptions that a homicide was unlawful and done with malice do not arise against the slayer in a prosecution for homicide unless he admits or the State proves that he intentionally killed the deceased with a deadly weapon.   *S. v. Ellison,* 226 N. C. 628, 39 S. E. (2) 824; *S. v. Burrage,* 223 N. C. 129, 25 S. E. (2) 393; *S. v. Debnam,* 222 N. C. 266, 22 S. E. (2) 562; *S. v. Gregory,* 203 N. C. 528, 166 S. E. 387.   Since there was no testimony at the trial tending to show that the killing of the deceased by the defendant was intentional, the instruction which the defendant challenges was not pertinent, and tended to confuse the jury. The question of the guilt or innocence of the accused upon the charge of manslaughter ought to have been submitted to the jury with appropriate instructions.   *S. v. Limerick,* 146 N. C. 649, 61 S. E. 568.   Hence, the verdict and judgment in the court below are set aside, and the appellant is awarded a

New trial.