### STATE v. ERNEST BRIGHT.

(Filed 8 April, 1953.)

**1. Criminal Law §§ 42f, 52a (2)—**

Testimony introduced by the State as to an exculpatory statement made by defendant does not bind the State if other evidence offered by it points to a different conclusion and raises a reasonable inference to the contrary, and therefore in such circumstance such testimony does not justify nonsuit.

**2. Homicide § 25—** ·

Where the State's evidence establishes that defendant's hand was on the trigger of the pistol when it was discharged, inflicting fatal injury to defendant's wife, the introduction by the State of testimony of a statement made by defendant that the pistol was accidentally discharged while he and his wife were scuffling does not justify nonsuit when there is also circumstantial evidence contradicting defendant's contention of death by

misadventure, such as the absence of powder burns, the location and direction of the fatal wound, and the conduct of defendant after the fatal shooting.

**3. Criminal Law §§ 52a (3), 53e—**

While the court should charge that circumstantial evidence must be inconsistent with the defendant's innocence in order to be sufficient to sustain conviction, in passing upon defendant's motion to nonsuit, the question for the court to determine is whether there is any substantial evidence to support the State's case, it being for the jury to determine under proper instructions as to the *quantum* and intensity of proof, whether the facts taken singly or in combination produce in their minds the requisite moral conviction beyond a reasonable doubt.

**4. Criminal Law § 53b—**

A correct instruction defining reasonable doubt and charging that a reasonable doubt might grow out of the evidence or the insufficiency of the evidence in the case, will not be held for error because of a further instruction that if, after weighing the evidence, the minds of the jurors are left in such condition that they cannot say that they have an abiding faith to a moral certainty of defendant's guilt, that they have a reasonable doubt, otherwise not.

**5. Homicide § 27b—**

The failure of the court, in one instance, to charge that the presumption arising from a killing with a deadly weapon obtains only upon proof that the killing was intentional will not be held for prejudicial error when in other portions of the charge the correct rule is categorically stated and it is apparent from the entire charge that there could be no misapprehension on this point on the part of the jury.

**6. Homicide § 27h—**

Where there is no evidence of culpable negligence and defendant's defense is based upon death by misadventure, the question of involuntary manslaughter does not arise, and the court properly omits to charge thereon.

**7. Criminal Law § 78e (1)—**

An exception that the court in charging the jury failed to comply with G.S. 1-180 is untenable.

**8. Criminal Law § 31b—**

A physician may testify as to the result of his personal examination of deceased.

**9. Criminal Law § 81c (3)—**

The admission of testimony over objection cannot be held prejudicial when substantially the same testimony is admitted without objection.

APPEAL by defendant from *Burney, J.,* August Term, 1952, of DUPLIN. No error.

The defendant was indicted for the murder of his wife, Inez Bright, but before the trial the Solicitor announced he would not ask for verdict

of murder in the first degree but for verdict of murder in the second degree or manslaughter as the evidence might warrant.

There was evidence for the State tending to show that the defendant brought his wife in an automobile to the home of Dr. Matthews about 1:30 a.m., and called him out. The defendant, his wife and another woman were in the automobile. They said she had been shot. About the time the doctor began his examination, defendant's wife died. The doctor testified from his examination the bullet had entered just below the left breast and apparently came out just below the right hip, and that in his opinion the wound that passed through her body caused her death. No powder burns were observed about the wound or on her body or clothing. She had on a slip and bathrobe, and there were no bullet holes in either, but the defendant stated he had changed her clothes. The doctor called the officers and the defendant told them it was an accident. He said he and his wife were tussling over a gun on the bed and the gun went off; that his hand was on the trigger when the gun fired; that they were scuffling over it. The coroner testified the defendant told him he had his hand on the trigger when it fired; that he and his wife were on the bed tied up, scuffling, at the time the gun went off; that later he found the bullet had gone through her body. At the defendant's home the officers found the bed had been torn up, chairs slightly disarranged, and some garment on the foot of the bed "with right much blood on it." The pistol was lying on the dresser, an empty cartridge shell on the floor.

The defendant offered no evidence.

There was verdict of guilty of manslaughter, and from judgment imposing sentence the defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Love, and Gerald F. White, Member of Staff, for the State.*

- *J. Faison Thomson & Son and Johnson & Johnson for defendant, appellant.*

DEVIN, C. J. Defendant assigns error in the denial of his motion for judgment of nonsuit urged chiefly on the ground that the State's evidence was characterized and given significance by the defendant's exculpatory statement, as testified by the State's witness, that the fatal wound was the result of an accident. While this statement was material and competent to be considered on the motion to nonsuit, it may not be regarded as conclusive if there be other evidence tending to throw a different light on the circumstances of the homicide. The State was not bound by that statement if other evidence offered pointed to a different conclusion and raised the reasonable inference from all the testimony that the shooting of the deceased was intentional and unlawful. *S. v. Baker,* 222 N.C. 428, 23

S.E. 2d 340; *S. v. Watts,* 224 N.C. 771, 32 S.E. 2d 348; *S. v. Phillips,* 227 N.C. 277, 41 S.E. 2d 766; *S. v. Jernigan,* 231 N.C. 338, 56 S.E. 2d 599; *S. v. Hendrick,* 232 N.C. 447 (456), 61 S.E. 2d 349; *S. v. Hovis,* 233 N.C. 359, 64 S.E. 2d 564. The motion to nonsuit was properly denied.

There was evidence that the deceased was shot and killed by the discharge of a pistol; that the bullet entered the left breast and passed downward through her body and caused her death, and that admittedly the defendant's hand was on the trigger when the pistol was discharged. There was also evidence of other circumstances contradictory of defendant's contention that it was an accident, such as the absence of powder burns, the location and direction of the fatal wound, the conduct of the defendant, and his statement that he and the deceased were "scuffling" at the time the pistol was fired.

It was contended that as the evidence was circumstantial, in order to warrant submission to the jury, it must have been such as to exclude every other reasonable hypothesis but that of guilt. But that is not the proper rule for the consideration of a motion for judgment of nonsuit. The rule that the circumstances must be inconsistent with defendant's innocence before he can be convicted is a wholesome one for the guidance of the jury, and the court should charge, and did so in this case, that the jury must be convinced beyond a reasonable doubt of the guilt of the defendant before they could convict him. But on a motion for nonsuit the angle of approach is necessarily different, and the question for the court to determine is whether there is any substantial evidence to support the State's case. If so, it is a matter for the jury to decide under proper instructions as to the *quantum* and intensity of proof. The rule was stated in *S. v. Ewing,* 227 N.C. 535, 42 S.E. 2d 676, as follows: "When reasonable inferences may be drawn from them (circumstances), pointing to defendant's guilt, it is a matter for the jury to decide whether the facts taken singly or in combination produce in their minds the requisite moral conviction beyond a reasonable doubt." See also *S. v. Strickland,* 229 N.C. 201 (210), 49 S.E. 2d 469.

The court charged the jury as to reasonable doubt as follows: "Now a reasonable doubt, gentlemen, is not a vain, imaginary, captious, or a mere possible doubt, but a reasonable doubt, an honest doubt, one based upon common sense and reason, and one growing out of the evidence or the insufficiency of the evidence in the case." This is in accord with approved precedents. *S. v. Braxton,* 230 N.C. 312, 52 S E. 2d 895. It may not be held for error that following this the court charged the jury "if after considering, weighing and comparing all the evidence in the case, the minds of the jurors are left in such condition that they cannot say that they have an abiding faith to a moral certainty of the defendant's guilt, then they have a reasonable doubt, otherwise not."

The defendant noted exception to the expression in the judge's charge, in his preliminary statement of the different degrees of homicide, that murder in the second degree was an unlawful killing with malice, and that malice might be shown by evidence of hatred or ill-will and is implied in law from the killing with a deadly weapon. It was argued there was error in failing to state that an intentional killing must be shown or admitted in order to raise this implication. *S. v. Debnam,* 222 N.C. 266 (270), 22 S.E. 2d 562; *S. v. Burrage,* 223 N.C. 129, 25 S.E 2d 393; *S. v. Phillips,* 229 N.C. 538, 50 S.E. 2d 306; *S. v. Brannon,* 234 N.C. 474, 67 S.E. 2d 633. However, we note that in his specific charge as to what was necessary to be shown in this case to establish murder in the second degree the court instructed the jury that if they were satisfied from the evidence beyond a reasonable doubt that the defendant "did intentionally shoot and kill his wife with malice" they should return verdict of guilty of murder in the second degree. Likewise, as to manslaughter the court instructed the jury if the State had satisfied them beyond a reasonable doubt that the defendant intentionally shot and killed the deceased in the heat of passion suddenly aroused they should return verdict of guilty of manslaughter; and if the State had failed to satisfy them from the evidence beyond a reasonable doubt they should return verdict of not guilty.

The defendant's defense was based on the theory of an accidental shooting, and hence the finding that the shooting was intentional was material in contradiction of defendant's contention of death by misadventure. But we think the court sufficiently presented this view, and that there could be no misapprehension on this point on the part of the jury.

The court instructed the jury as to the meaning of accident and of homicide by misadventure, and presented the defendant's contentions on this phase of the case, such as were based on pertinent evidence. The court in his final instruction to the jury charged them if they were "simply satisfied from all the evidence that the defendant and his wife were tussling over a pistol and it accidentally went off and killed her, it would be their duty to return verdict of not guilty." There was no evidence of culpable negligence, and the question of involuntary manslaughter was not presented to the jury. *S. v. Rawley, ante,* 233.

The exception that the court in charging the jury failed to comply with G.S. 1-180 is untenable. *Price v. Monroe,* 234 N.C. 666 (669), 68 S.E. 2d 283; *S. v. Brooks,* 228 N.C. 68, 44 S.E. 2d 482. The exception to the testimony of Dr. Matthews cannot be sustained. It was competent for him to testify as to the result of his personal examination. Besides substantially the same testimony was admitted without objection. *S. v. Oxendine,* 224 N.C. 825, 32 S.E. 2d 648; *White v. Disher,* 232 N.C. 260 (267), 59 S.E. 2d 798.

We have examined each of defendant's assignments of error, whether herein specifically referred to or not, and find none of them sufficient to justify the award of a new trial.

We conclude that in the trial there was

No error.