STATE OF NORTH CAROLINA v. MARVIN JOHNSON

No. 7021SC362

(Filed 24 June 1970)

**Homicide § 30— submission of issue of involuntary manslaughter**

Trial court in first-degree murder prosecution properly refused to submit issue of involuntary manslaughter to the jury when there was no suggestion in the evidence that the two shots fired by defendant into deceased's stomach were fired involuntarily or by reason of culpable negligence.

ON *certiorari* to review the order of *Seay, J.,* 9 December 1969 Criminal Session of FORSYTH County Superior Court.

Defendant was tried for the capital offense of first degree murder. The jury was instructed that if they failed to find defendant guilty of murder in the first degree they could return a verdict of guilty of murder in the second degree, manslaughter, or not guilty. The verdict of the jury was guilty of murder in the second degree. An active prison sentence of from eighteen to twenty years was imposed thereon.

*Robert Morgan, Attorney General, by Dale Shepherd, Staff Attorney, for the State.*

*J. Clifton Harper, for defendant appellant.*

GRAHAM, J.

Defendant, through his court appointed counsel, has brought forth two assignments of error. In his first assignment of error he questions the failure of the trial judge to instruct the jury that they could return a verdict of guilty of involuntary manslaughter.

Only the State offered evidence, and it tended to show that on the night of 28 September 1969 defendant and deceased, while drink-

ing at the home where deceased resided, got into an argument and fight over the deceased's girlfriend. Defendant sustained a cut on the arm during the fight. He then left saying: "I will be back." When he got outside the house he told Danny Rogers, who owns the house where the party was going on, to send the deceased out of the house and stated: "If you don't I'm going to burn it down." A short time thereafter defendant returned to the house. One witness testified: "He kicked the door open, and he had a pistol in his left hand. When he walked in Jack [deceased] jumped up and grabbed him. Marvin Johnson didn't say anything because Jack grabbed him at the time he saw the gun, and they began to fight over the gun. Jack was trying to take the gun from Marvin. They wrestled for a while on the couch, and then they fell over into [sic] the floor and wrestled all the way over to the vent of the living room there, and that's when Marvin shot him on the floor. When Jack Langford got shot he was flat on his back, and Marvin was on top of him. He wasn't standing over him he was down on top of him. Two shots were fired." Four eyewitnesses offered by the State testified to substantially the same series of events. It was stipulated that deceased died as the result of two gunshot wounds in the stomach.

It is our opinion that the issue of involuntary manslaughter does not arise on the evidence and that the court properly refused to submit it to the jury. Involuntary manslaughter is defined in 4 Strong, N.C. Index 2d, Homicide, § 6, as follows:

"Involuntary manslaughter is the unlawful killing of a human being, unintentionally and without malice, proximately resulting from the commission of an unlawful act not amounting to a felony, or resulting from some act done in an unlawful or culpably negligent manner, when fatal consequences were improbable under all the facts existent at the time, or resulting from the culpably negligent omission to perform a legal duty."

At no point in the evidence is there any suggestion that the two shots fired by defendant into the deceased's stomach were fired involuntarily or by reason of culpable negligence. Involuntary manslaughter was therefore not involved. *State v. Bright*, 237 N.C. 475, 75 S.E. 2d 407; *State v. Rawley*, 237 N.C. 233, 74 S.E. 2d 620.

Defendant's second assignment of error is that the court erred in refusing to set aside the verdict *ex mero motu* because the weight of the evidence was contrary to the verdict of second degree murder. We view the evidence as ample to support the conviction.

In our opinion the defendant received a fair trial free from prejudicial error.

No error.

MALLARD, C.J., and MORRIS, J., concur.