STATE OF NORTH CAROLINA v. RONALD GLENN CREDLE

No. 732SC148

(Filed 9 May 1973)

**Homicide § 30— instructions on involuntary manslaughter not required**
     The trial court in a homicide case did not err in failing to instruct the jury that involuntary manslaughter was one of their possible verdicts where all the evidence tended to show that defendant took a pistol from his back pocket and shot the victim twice after defendant, a customer, had gotten into a dispute with the victim, a storekeeper, during the course of which the victim ordered defendant out of his store, advanced upon defendant, and hit him with a billy club, there being no evidence suggesting that defendant fired the two shots involuntarily or by reason of culpable negligence.

APPEAL by defendant from *Tillery, Judge*, 21 August 1972 Session of Superior Court held in BEAUFORT County.

Defendant was indicted for first-degree murder. At the close of the State's evidence the court allowed motion for nonsuit as to the charge of first-degree murder. The case was submitted to the jury on charges of second-degree murder and voluntary manslaughter. The jury found defendant guilty of voluntary manslaughter. From sentence imposed, defendant appealed.

---

State v. Credle

---

*Attorney General Robert Morgan by Assistant Attorney General Claude W. Harris for the State.*

*John H. Harmon for defendant appellant.*

PARKER, Judge.

The sole assignment of error is directed to the court's failure to instruct the jury that involuntary manslaughter was one of their possible verdicts. In this there was no error. All of the evidence showed that defendant took a pistol from his back pocket and shot his victim twice after the defendant, a customer, had gotten into a dispute with the victim, a storekeeper, during the course of which the victim ordered defendant out of his store, advanced upon defendant, and hit him with a "billy club." Defendant testified:

> "John Alva Smith hit me with the billy club before I shot him the first time. After I shot him the first time, I backed off, then he hit me again. And I shot him the second time after he hit me. I then turned around and ran, because I was scared."

None of the evidence suggests that the two shots fired by defendant were fired involuntarily or by reason of culpable negligence. Involuntary manslaughter was therefore not involved. *State v. Johnson,* 8 N.C. App. 579, 174 S.E. 2d 626. "The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed." *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545. Here, there was no such evidence.

No error.

Judges BROCK and MORRIS concur.